509 A.2d 422

**Donald L. SCHIMP, Executor of the Estate of Jacob L. Schimp and Donald L. Schimp, Appellant,**

v.

**Wayne L. ALLAMAN.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed May 21, 1986.

Joseph J. Liotta, III, Franklin, for appellant.

Ralph L.S. Montana, Clarion, for appellee.

Before CAVANAUGH, BROSKY and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from an Order entered January 23, 1985, in the court of Common Pleas of Clarion County dismissing appellants' action to quiet title and confirming title to the land in appellee.

This action began when the appellants filed a complaint in Action to Quiet Title. The appellants alleged that Donald L. Schimp was the record title owner of a certain parcel of land located in Elk Township, Clarion County, Pennsylvania, and that he and his ancestors-predecessors in title—were and had been in possession of the property and that the defendant-appellee, Wayne L. Allaman, disputed the title of a portion of the parcel. The complaint prayed for an order of court compelling the defendant to commence an action of ejectment within thirty (30) days as set forth in Pa.R.Civil Pro. 1066(b)(1). The lower court entered a Rule to Show Cause Why appellee should not be compelled to file an action of ejectment. Hearings were held thereon.

The court below entered the following order: "After hearing on this matter and considering the testimony and arguments of counsel, the court finds in favor of the Defendant, dismisses Plaintiff's action and confirms title to the land in question in Defendant."

The questions raised on appeal are summarized as follows:

1. Did the court below err in entering an order on the merits?

2. Did the court below err in failing to order the appellee to bring an action of ejectment?

At the outset, we will address the appellee's contention that this appeal is not properly before this Court. We find that the order of the court below was a final order and appealable. *Seven Springs Farm Inc. v. King,* 235 Pa.Superior Ct. 450, 344 A.2d 641 (1975); *Spangler v. Trogler,* 228 Pa. 217, 77 A. 495 (1910).

The court below made no findings of fact, no conclusions of law, nor did he write an opinion and clearly the plaintiff, by the order, was out of court. The order was entirely too broad and does indeed decide the merits as if it were an action in ejectment. This is not before the court as under the rules it has before it the narrow jurisdiction question of whether or not there has been a showing that the plaintiff-

appellant is the possessor of the premises and whether title is in dispute.

In *Seven Springs Farm, Inc. v. King*, supra, this Court held that under the Act of March 8, 1889, P.L. 10, § 1, as amended, 12 P.S. § 1543, a possessor of land is entitled to bring an action against one, who although not in possession, has some claim or interest in the land, compelling that person to assert his interest by bringing an action of ejectment.

"Although the provisions of the Act of March 8, 1899, supra, were suspended as to practice and procedure by Pa.R.Civil P. 1455 and superseded in that respect by Pa.R. Civil P. 1061–66, the substantive requirements of the act continue to remain in force."

In order to prevail under the Act, it is necessary to prove that the plaintiff is in possession, that the defendant is out of possession, and there is a dispute as to title.

Voluminous testimony was taken which reveals that this case is similar to *Spangler v. Trogler*, supra, where the Supreme Court held: "This testimony is very voluminous and much of it was perhaps not relevant to the particular controversy involved in this Rule, for the reason that this is not a trial of an Action of Ejectment but simply a proceeding to determine whether or not the Court has jurisdiction under the facts to compel the Defendant to bring his action."

The order of the court below is reversed and the case remanded for the court below to determine under the rules whether the plaintiff-appellant is in possession, whether a dispute as to title exists, and whether an order should be issued on the defendant-appellant compelling him to file an action in ejectment.

*Jurisdiction is relinquished.*

CAVANAUGH, J., concurs in the result.