P. Calvin ROBERTS, Ruth Laubmier, Rosalie Regina Wilson, Ann Eleanor Long, Donald Milton Kelius, Franklin David Kelius and Ray Kelius

v.

ESTATE OF Ruth E. PURSLEY, Mellon Bank Central, N.A., Executor Dorothy P. Messerly, Forney D. Winner and Mary E Winner.

**Appeal of John A. PURSLEY.**

Superior Court of Pennsylvania.

Argued April 17, 1997.

Filed Aug. 13, 1997.

Scott T. Williams, Williamsport, for appellant.

Charles R. Rosamilia, Jr., Lock Haven, for appellees.

Before CAVANAUGH, POPOVICH and OLSZEWSKI, JJ.

CAVANAUGH, Judge:

Appellants, Estate of Ruth E. Pursley and Dorothy P. Messerly, appeal the Final Decree entered by the Court of Common Pleas

of Clinton County.[1] For the reasons discussed below, we reverse.

The convoluted history of this litigation began in March of 1992[2] when appellees, Calvin Roberts, Ruth Laubmier, Rosalie Regina Wilson, Ann Eleanor Long, Donald Milton Kelius, Franklin David Kelius and Ray Kelius, filed an Action to Quiet Title to certain parcels of property in Clinton County.[3] Appellees have been represented by counsel throughout this litigation. John Ardell Pursley and George W. Pedlow, III, two of the heirs of the Ruth Pursley Estate have acted on behalf of the estate. All Pursley heirs have acquiesced to such representation.[4] On May 27, 1992, Constance Messerly Kehoe filed an Answer on behalf of the Dorothy P. Messerly heirs, being herself and Anne Messerly Cooper Chen. No one has appeared since on behalf of the Messerly heirs.

After a hearing on October 2, 1995, in which extensive testimony was given by witnesses for both parties, the trial court held that appellees had established prima facie evidence that they were owners in fee simple and entitled to possession of the subject property; and that appellants would be forever barred from claiming any interest in the property unless they commenced an Ejectment Action within thirty days. Subsequently, appellants filed an Ejectment Action on November 6, 1995 to which appellees filed Preliminary Objections for failure to comply with the form required by the applicable rules of civil procedure. These Preliminary Objections were disposed of by the trial court's order dated November 30, 1995, which granted appellants the right to file a new ejectment claim.

After an amended action was filed, Preliminary Objections were again raised. Appellees asserted a collateral estoppel claim based on the order entered in the Quiet Title Action. The trial court dismissed the Preliminary Objections and ordered appellees to file a responsive pleading within twenty days. Appellants sought leave to amend their amended action and this was granted. Subsequently, the amended complaint was filed and answered.

Thereafter, appellees filed a Motion for Summary Judgment raising res judicata and collateral estoppel. Appellees also filed a Motion for Judgment on the Pleadings whereby they alleged procedural defects in appellants' Amended Complaint in Ejectment. The trial court, on July 23, 1996, filed a final decree dismissing appellants' Amended Complaint in Ejectment with prejudice and barring appellants from claiming any interest in the subject premises.[5]

The Estate of Ruth Pursley appeals the final decree, raising the following issues for our review:

(1) Whether the trial court exceeded its authority by deciding the merits of the Action to Quiet Title as if it were an Action in Ejectment.

1. At the time this action was initiated, defendant Mellon Bank Central, N.A., was acting as an executor of the Estate of Ruth Pursley. By Order of the Honorable Carson V. Brown dated September 11, 1992, Mellon Bank was "relieved of any responsibility or authority to act further in defense of the estate of Ruth Pursley, deceased, with regard to [this action]." Additionally, defendants Forney D. Winner and Mary E. Winner do not appeal as all parties have stipulated that the forty-five acres acquired by the Winners are excepted from the disputed property.

2. A prior action involving the same parcel and the same parties or their predecessors was voluntarily discontinued in 1976.

3. The parcels at issue are the Robert and James Devling parcel containing 233.8 acres and the James Moore parcel containing 96 acres in Thomas Willing Warrants 3476 and 3495, excepting and reserving the following two parcels:

a. That certain piece, parcel, and tract of land conveyed in September 1915 in Clinton County Deed Book 89, Page 492, and
b. That portion of said parcels acquired by Forney D. Winner and Mary E. Winner, his wife, through a prior Action to Quiet Title filed in Clinton County to No. 46 January Term, 1968, and being Tract P/3, 45 acres, Thomas Willing Warrant No. 3495.

4. Although appellants proceeded pro se throughout this litigation, they have retained counsel for the purposes of this appeal.

5. This appeal is complicated by the trial court's final decree which fails to explicitly specify whether it is granting the Motion for Summary Judgment, the Motion for Judgment on the Pleadings, or both. Additionally, the trial court fails to specify the grounds upon which appellants' claim is barred.

(2) Whether the Appellants' Amended Complaint in Ejectment was inconsistent with the Pennsylvania Rules of Civil Procedure.

(3) Whether the trial court's October 2, 1995 Order in the Appellees' Action to Quiet Title bars the Appellants from litigating the issue of title in the Ejectment Action under the doctrine of collateral estoppel.

(4) Whether the trial court's October 2, 1995 Order in the Appellees' Action to Quiet Title bars the Appellants from litigating the issue of title in the Ejectment Action under the doctrine of res judicata.

(5) Whether the trial court erred in granting Appellees' Motion for Summary Judgment (although unclear whether or not the trial court did this).

(6) Whether the trial court erred in granting Appellees' Motion for Judgment on the Pleadings (although unclear whether or not the trial court did this).

(7) Whether the matters to be considered in the Ejectment Action showed that there was no genuine issue as to any material fact and that the Appellees were entitled to a judgment as a matter of law.

(8) Whether Appellants' Ejectment Action set forth allegations not previously considered by the trial court in appellees' Action to Quiet Title.

Appellants' brief at pages 5–6.[6]

Initially, we note that a trial court's decision will generally not be reversed in the absence of an abuse of discretion or a fundamental error in applying the correct principles of law. *In re Deed of Trust of Rose Hill Cemetery Association,* 527 Pa. 211, 590 A.2d 1 (1991). Abuse of discretion is found only where the trial court failed to follow legal procedures or misapplied the law. *Tagnani v. Tagnani,* 439 Pa.Super. 596, 654 A.2d 1136 (1995).

---

6. The issues presented for our review have been renumbered for the purposes of this appeal.

7. Pa.R.C.P. 1066(b)(1) provides that upon granting plaintiff relief pursuant to Rule 1061(b)(1), the court "shall order that the defendant be forever barred from asserting any right, lien, title

Appellants' first argument is that the trial court exceeded its authority in the Action to Quiet Title when it decided the merits of both parties' claim of title. We agree.

An Action to Quiet Title is an action at law which was created by Pennsylvania Rule of Civil Procedure 1061. Pursuant to Pa.R.C.P. 1061(b), an Action to Quiet Title may be brought:

(1) To compel an adverse party to commence an Action of Ejectment;

(2) Where an Action of Ejectment will not lie to determine any right, lien, title or interest in the land to determine the validity or discharge of any document, obligation or deed effecting any right, lien, title or interest in land;

(3) To compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or

(4) To obtain possession of land sold at judicial or tax sale.

While appellees' Complaint in the Action to Quiet Title was not specific as to which remedy appellees were seeking, it is clear that appellees were not proceeding pursuant to Pa.R.C.P. 1061(b)(3) or (4). Additionally, as the trial court did order appellants to file an Action of Ejectment, we can effectively find that the trial court proceeded pursuant to Rule 1061(b)(1) and Rule 1066(b)(1).[7]

[T]he scope of a proceeding brought under Rule 1061(b)(1) is narrow, limited solely to a determination of whether "the Court has jurisdiction under the facts [established by plaintiff's possession] to compel the Defendant to bring his action [in ejectment]." *Schimp v. Allaman,* 353 Pa.Super. 232, [235], 509 A.2d 422, 423–24 (1986)(quoting *Spangler v. Trogler,* 228 Pa. 217, 218, 226, 77 A. 495 (1910)) ...; *see also Seven Springs Farm, Inc. v. King,* 235 Pa.Super.

---

or interest in land inconsistent with the interest or claim of the plaintiff set forth in his complaint, unless the defendant takes such action within (30) days thereafter." The trial court in this matter did order appellants to file an Action in Ejectment within thirty days or be so barred.

450, 344 A.2d 641, 644, 643 n. 4 (1975)("the merits of the dispute, the title and *right to possession,* are not determined in an action brought under [Rules 1061(b)(1) and 1066] ... [t]he issue is merely who is in possession for the purposes of bringing an action for ejectment ...").

*Sutton v. Miller,* 405 Pa.Super. 213, 222–23, 592 A.2d 83, 88 (1991)(emphasis added).

■ In this matter, however, the trial court went beyond the narrow scope of an Action to Quiet Title pursuant to Pa.R.C.P. 1061(b)(1), heard substantial testimony from both parties' witnesses and made a specific finding on the merits that appellees had a superior claim of title and thus were "entitled to possession of the land." This is clearly improper. *Id; Schimp v. Allaman, supra* (voluminous testimony taken was not relevant to the particular controversy involved in proceeding to quiet title under Rule 1061(b)(1) because such proceedings are simply to determine whether a court has jurisdiction under the facts to compel defendant to bring his action, not to decide the issue of title on the merits). As discussed below, the dismissal of appellants' Ejectment Action without a hearing was a direct result of the trial court's improper and premature determination that appellees were entitled to possession of the subject property in the Quiet Title Action. This is an abuse of discretion.

The trial court's Final Decree in the Ejectment Action fails to specify whether it was granting appellees' Motion for Judgment on the Pleadings, appellees' Motion for Summary Judgment, or both. However, a trial court's order dismissing a case before trial is properly characterized as either a judgment on the pleadings or a summary judgment. *Demmler v. SmithKline Beecham Corp.,* 448 Pa.Super. 425, 671 A.2d 1151 (1996).

■ First, we will address appellants' argument that the trial court improperly

granted appellees' Motion for Judgment on the Pleadings. The Motion for Judgment on the Pleadings was based on appellees' contention that appellants failed to comply with the pleading rules as set forth by the Pennsylvania Rules of Civil Procedure; i.e., specifically that appellants' abstract of title was insufficient. While the trial court does note in its Final Decree that appellants' Amended Complaint was "inconsistent with the pleading rules," there is no further discussion of this issue, nor does the trial court state that this was a determining factor in its decision to dismiss the action with prejudice. However, we find appellees' objection to the form of the pleading was waived by their failure to raise preliminary objections in response to the Amended Complaint. *See,* Pa. R.C.P. 1028(a)(2)(failure of a pleading to conform to law or rule of court is to be raised by preliminary objection); Pa.R.C.P. 1032 (failure to raise such an objection by preliminary objection results in waiver); *see also Kazanjian v. Cohen,* 175 Pa.Super. 195, 103 A.2d 491 (1954) (appellants who failed to raise by preliminary objection contentions that Complaint in Action in Ejectment did not adequately describe the premises, *did not contain a sufficient abstract of title* and notice of termination was incomplete were precluded from later raising such objections) (emphasis added).

The wording of the final decree suggests that the ultimate basis for the trial court's decision was not inconsistencies in the pleadings, but that the claim was barred under the doctrines of collateral estoppel and/or res judicata by its prior decree of October 2, 1995 in which right to possession was decided pursuant to the Action to Quiet Title.[8] After careful review, we find both collateral estoppel and res judicata to be inapplicable to this case.

■ Under the doctrine of collateral estoppel, determination of particular questions

---

**8.** The trial court's final decree reads, in pertinent part, as follows:

[Appellees] filed a Motion for Summary Judgment and for Judgment on the Pleadings contending [Appellants] are barred from relitigating the issues previously raised in the Quiet Title Action and are bound under the Doctrine of Collateral Estoppel by the Court's

prior rulings. [Appellants] have filed an affidavit containing numerous documents allegedly substantiating their position.

[Appellants] have raised no new allegations which would cause the Court to reach findings of fact and conclusions of law inconsistent with those which formed the basis for the Decree of October 2, 1995.

of fact essential to a judgment which are actually litigated and determined by final judgment are conclusive between parties in any subsequent action on a different cause of action. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975). The essential elements for a valid plea of collateral estoppel are as follows:

1. Identity of the issues decided in the prior adjudication.

2. Final judgment on the merits in the prior adjudication.

3. The party against whom the plea is asserted was a party in the prior adjudication.

4. The party against whom the plea is asserted had a full and fair opportunity to litigate the issue in question in the prior action.

5. The determination in the prior proceeding was essential to the judgment.

*Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 345 A.2d 664 (1975); *City of Pittsburgh v. Zoning Board of Adjustment of the City of Pittsburgh*, 522 Pa. 44, 559 A.2d 896 (1989).

■ The only questions at issue in the prior Action to Quiet Title should have been: (1) whether appellees are in possession; (2) whether a dispute as to title exists; and (3) whether an order should be issued on appellants compelling them to file an action in ejectment. *Schimp v. Allaman, supra* at 235, 509 A.2d at 424. The issues applicable to an Action in Ejectment are significantly different. "Ejectment is a possessory action wherein a plaintiff must prove the right to exclusive possession vis-a-vis proof of paramount title." *Sutton v. Miller, supra* at 225, 592 A.2d at 89 (citing *Doman v. Brogan*, 405 Pa.Super. 254, 263, 592 A.2d 104, 108 (1991)). Therefore, it cannot be said that there was an identity of issues in the two matters.

Additionally, that appellees had superior title was not only not essential to the judgment in the Quiet Title Action, but such a determination was improper. *Seven Springs Farm, Inc. v. King, supra*. Further, final judgment in the matter of title is specifically precluded in Actions to Quiet Title under 1061(b)(1) by cases such as *Sutton v. Miller,*

*supra* and *Schimp v. Allaman, supra*. Finally, it cannot be said that appellants had a full and fair opportunity to litigate the issue of title in the prior proceeding where that issue was not properly before the court at that time.

■ We find the doctrine of res judicata to be similarly inapplicable to the instant matter. Under the doctrine of res judicata, a final judgment on the merits is conclusive of the rights of the parties and can constitute a bar to a subsequent action involving the same claim, demand or cause of action and issues determined therein. *Keystone Building Corp. v. Lincoln Savings & Loan Association*, 468 Pa. 85, 360 A.2d 191 (1976).

■ In order for res judicata to bar relitigation of an action, there must be concurrence of four conditions:

1. Identity of the things sued upon.

2. Identity of the cause of action.

3. Identity of the parties to the action.

4. Identity of the quality or capacity of the parties.

*City of Pittsburgh, supra*. Once the concurrence of the identities is found to exist, it must be determined whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. *Callery v. Municipal Authority of Blythe Township*, 432 Pa. 307, 243 A.2d 385 (1968). Because of the distinct nature of the two actions as discussed above, there is no identity of the cause of action. Additionally, as the case-law pertaining to proceedings in Actions to Quiet Title pursuant to 1061(b)(1) specifically preclude the trial court to have made a determination of title based on the merits, we find that "the ultimate and controlling issues" could not have properly been determined in that action.

Based on the above findings, we conclude that the trial court was in error to dismiss the instant action on the basis of either summary judgment or judgment on the pleadings. Our standard of review for a trial court's grant of summary judgment is well established:

summary judgment is properly granted where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035[.2]. Summary judgment may be granted only where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co.,* 522 Pa. 367, 369, 562 A.2d 279, 280 (1989). The moving party has the burden of proving that there is no genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979). The record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party, and any doubt must be resolved against the moving party. *Davis v. Pennzoil,* 438 Pa. 194, 264 A.2d 597 (1970). The trial court will be overturned on the entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *Hetrick v. Apollo Gas Co.,* 415 Pa.Super. 189, 608 A.2d 1074 (1992).

*First Wisconsin Trust Co. v. Strausser,* 439 Pa.Super. 192, 198, 653 A.2d 688, 691 (1995).

Our standard of review for a trial court's grant of a judgment on the pleadings is as follows: "[A] motion for [judgment on the pleadings] is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him." *Karns v. Tony Vitale Fireworks Corporation,* 436 Pa. 181, 184, 259 A.2d 687, 688 (1969) (citation omitted). Judgment on the pleadings may be granted only where the pleadings and any documents attached thereto create no material issues of fact and the case is so clear that a trial would clearly be a fruitless exercise. *Id.*

Pursuant to either standard, we find that appellants' Amended Complaint in the Ejectment Action clearly raises a genuine issue of material fact regarding title to the subject premises. Appellees and the trial court attempt to resolve this issue as having already been decided in the Action to Quiet Title pursuant to either collateral estoppel or res judicata; i.e., because appellants make the same claim to title as they made in the Action to Quiet Title, "[appellants] have

raised no issues or allegations which would cause this Court to reach findings of fact or conclusions of law inconsistent with those which formed the basis for the Decree of October 2, 1995." However, the trial court in the Quiet Title Action determined that appellants had failed to demonstrate entitlement to possession of the subject land on the basis of the five documents appellants submitted into evidence. In the Affidavit accompanying their Amended Complaint in Ejectment, appellants attach voluminous documentation which they contend comprise evidence of their claim to title. The trial court refused to consider this additional documentation on the basis that the issue of appellants' claim to title had already been litigated and decided.

As discussed above, it was improper for the trial court to make any finding in the prior action other than whether appellees are in possession; whether a dispute as to title exists; and whether an order should be issued on appellants compelling them to file an action in ejectment. *Schimp v. Allaman, supra* at 235, 509 A.2d at 424. Additionally, we have determined that the doctrines of collateral estoppel and res judicata are inapplicable to the instant matter. Therefore, it was clearly an abuse of discretion to rely upon the premature findings in the Quiet Title Action as dispositive of the issue of which party has a superior claim of title in the Ejectment Action and a bar to the consideration of further documentation in support of the claim to title which was set forth by appellants in both actions.

Accordingly, the Final Decree of the court below is reversed and the case remanded to the court below for a hearing on the merits in the Ejectment Action.

Jurisdiction is relinquished.