### Pierre v. Keystone Insurance Co.

C.P. of Lackawanna County, no. 93 CV 6368.

*Lawrence J. Moran* and *James J. O'Connor,* for plaintiff.
*Timothy E. Foley,* for defendant.

MINORA, *J.,* January 4, 1999—This action arises from an automobile accident that occurred on June 14, 1989, and is before this court by way of the plaintiff's motion for partial summary judgment. The plaintiff has alleged bad faith and related causes of action against the defendant, Keystone Insurance Company. The parties have briefed their respective positions, and this memorandum and order follows.

## FACTS

On June 14, 1989, plaintiff's decedent, Margaret Hughes, was riding as a passenger in a motor vehicle being operated by the plaintiff Jean Pierre. The vehicle was involved in a rear-end collision with a vehicle driven by Isaac Smith, an underinsured motorist. Hughes died on July 1, 1989, and a dispute between the parties arose as to what caused Hughes's death. The plaintiff repeatedly refers to the accident at issue as the "fatal accident." Conversely, the defendant contends that Hughes died from "apparently unrelated causes." The exact cause of Hughes's death is not pertinent to our resolution of the motion currently before this court and thus, it will not be addressed in this writing.

A claim was made on behalf of the estate of Hughes against Smith's insurance carrier, Nationwide Insurance Company. A lawsuit was subsequently filed against Smith and this action was settled with Nationwide Insurance Company for the policy limit of $50,000, without the consent of the defendant in this action.

On December 18, 1996, an underinsured motorist arbitration was held pursuant to the terms of the insurance policies issued by the defendant to Pierre before a panel of three arbitrators. The arbitrators unanimously decided that the plaintiff was entitled to underinsured motorist benefits from the defendant, with two of the

arbitrators molding their underinsured motorist award to the amount of $100,000.

At the December 18, 1996 arbitration, an issue arose pertaining to which insurance policy was in effect at the time of the accident at issue. The defendant maintained at the arbitration hearing that the policy in effect at the time of the accident was a 1986 policy which contains a provision that excludes underinsured motorist benefits coverage if a policyholder settles a bodily injury claim without the defendant's consent. Therefore, the defendant asserted that the plaintiff's failure to obtain the defendant's consent before settling the bodily injury claim with Smith, the original tort-feasor, excluded Pierre from any recovery of underinsured motorist benefits under the terms of the 1986 insurance policy. Conversely, the plaintiff avers that the policy in effect at the time of the accident was in fact a 1984 policy that does not require the insured to obtain the defendant's consent prior to settling personal injury claims, thus creating the issue of contention between the parties to this action.

The plaintiff contends that the arbitrators were aware of the existence of the issue of which insurance policy was in effect at the time of the June 14, 1989 accident and their decision demonstrated that they found the 1984 insurance policy to be in effect. Conversely, the defendant asserts that the 1984 policy discussed above was inapplicable at the time of the June 14, 1989 accident and in fact, the 1986 policy applied.

## DISCUSSION

The Pennsylvania Superior Court has held that the relevant elements necessary to permit summary judgment are as follows: "First, the pleadings, depositions, answers to interrogatories, admissions on file, together

with any affidavits, must demonstrate that there exists no genuine issue of fact. Second, the moving party must be entitled to judgment as a matter of law." *Janson v. Cozen and O'Connor,* 450 Pa. Super. 415, 423, 676 A.2d 242, 246 (1996).

The court must also examine "the record in the light most favorable to the non-moving party" and resolve all doubts against the moving party. "Summary judgment is appropriate only in those cases which are free from doubt." *Pennsylvania State University v. University Orthopedics,* 706 A.2d 863, 867 (Pa. Super. 1998).

Effective July 1, 1996, Rules of Civil Procedure 1035.1 through 1035.5 governing summary judgment replaced former Rule 1035. The essence of the revision set forth in Rule 1035.2 is that the motion for summary judgment now encompasses two concepts: first, the absence of a dispute as to any material fact set forth in *Pennsylvania State University, supra,* and second, the absence of evidence sufficient to permit a jury to find a fact essential to a cause of action or a defense. Rule 1035.2 is explicit in authorizing a motion based upon a record, which is insufficient to sustain a prima facie case, which in a jury trial would require the issues to be submitted to a jury.

Applying these Rules of Civil Procedure to the case at bar, we shall proceed to the plaintiff's motion for partial summary judgment.

The plaintiff requests that the doctrine of collateral estoppel be utilized to preclude the defendants from denying that the 1984 insurance policy was in effect at the time of the accident at issue. The Pennsylvania Supreme Court defined collateral estoppel, or issue preclusion, as a doctrine which prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one pre-

viously litigated. *Balent v. City of Wilkes-Barre,* 542 Pa. 555, 559, 669 A.2d 309, 313 (1995).

While addressing the issue of collateral estoppel the Pennsylvania Supreme Court outlined a five-part test to determine if collateral estoppel is applicable and an issue in dispute should be precluded.

"Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment." *City of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh,* 522 Pa. 44, 55, 559 A.2d 896, 901 (1989). See also, *Roberts v. Estate of Pursley,* 700 A.2d 475 (Pa. Super. 1997).

The defendant acknowledges the plaintiff's satisfaction of elements 2, 3 and 4 discussed *supra.* Nonetheless, the defendant avers that the plaintiff has failed to satisfy elements 1 (the issue decided in the prior case is identical to the one presented in the later case) and 5 (the determination in the prior proceeding was essential to the judgment). Thus, the defendant argues that collateral estoppel is inapplicable and the plaintiff's motion should be denied.

This court will now analyze whether the plaintiff has satisfied elements 1 and 5 as required for the application of collateral estoppel to preclude an issue from further litigation. Initially, we will examine element

5, which requires that the determination in the prior proceeding was essential to the judgment.

The arbitration award at issue states the following:

"*Award*

"The board of arbitrators, after due consideration of the evidence submitted in this case on December 18, 1996 and after taking into account any and all claims of the defendant, Keystone Insurance Company, for credits, deductions of offsets, hereby enter the following award:

"The undersigned arbitrators find in favor of the plaintiff, Jean Pierre, individually and as the executrix of the estate of Margaret Hughes, deceased, and against the defendant, Keystone Insurance Company, and mold their award to the amount of $100,000."

Based on the language above, this court cannot say with certainty whether the arbitrators relied on the 1984 or 1986 insurance policy to render their decision. It is possible that they determined the 1984 policy was in effect, thus allowing the plaintiff to settle her third party claim with the original tort-feasor in this action and still collect underinsured motorist benefits. However, it is also possible that the arbitrators found the 1986 policy was in effect and similarly, the plaintiff would still be entitled to collect underinsured motorist benefits.

The defendant has advanced many plausible theories to illustrate that the arbitrators could have found the 1986 policy was in effect and still awarded the plaintiff underinsured motorist benefits. For example, the arbitrators could have concluded that the 1986 policy was applicable and that the defendant's consent was

necessary for the plaintiff to settle her claim and that under the facts of this case the defendant gave actual or implied consent to settle. The arbitrators could have also found that the defendant failed to demonstrate actual prejudice caused by the plaintiff settling her claim without the defendant's consent and thus did not enforce the consent to settle clause. As clearly demonstrated above, there exists more than one possible explanation for the arbitrators' award. Thus, we find the possibility of alternative explanations for the award at issue before this court creates an issue of material fact, which precludes the granting of partial summary judgment.

In light of this court's determination that the plaintiff has failed to establish the fifth element necessary for collateral estoppel, we see no need to address whether the plaintiff has satisfied the first element, also in dispute between the parties. This court's holding that the fifth element has not been met renders the issue of the first element moot.

Therefore, upon a thorough review of the pleadings and applicable case law, we find that the plaintiff's motion for partial summary judgment must be denied. As we find there to be substantive issues of material fact and further find that the plaintiff is not entitled to judgment as a matter of law, thus the plaintiff's motion for partial summary judgment is denied. The parties are to proceed in this case in a manner consistent with this opinion. An appropriate order follows.

## ORDER

And now, to wit, January 4, 1999, it is hereby ordered that the plaintiff's motion for partial summary judgment is denied. The parties are to proceed in a manner consistent with this memorandum and order.