Kerlin v. National Railroad Passenger Corp.

238

C.P. of Dauphin County, no. 3826 S 1996.

*Timothy Shollenberger,* for plaintiffs.
*Christopher J. Hoare,* for National Railroad Passenger Corp.
*Joel Max Eads,* for MCI Corp.
*Craig J. Staudenmaier,* for Conrail Inc.
*Dennis Bonetti,* for Michels Pipeline Co. Inc.

BEFORE: TURGEON, KLEINFELTER AND LEWIS, *JJ.*

LEWIS, *J.,* March 12, 1999—On October 13, 1994, plaintiff Douglas Kerlin allegedly suffered severe injuries during a fall while working in the capacity of his employment with third-party defendant, Michels Pipeline. In his complaint, he claims that while installing fiber optic cable along defendant Amtrak's railroad, he fell from a bridge located on defendant's property. As a result of his injuries, plaintiff Kerlin filed a workers' compensation claim which was disposed of on February 9, 1998.

Meanwhile, on June 4, 1997, plaintiff filed his complaint against Amtrak, Conrail and MCI, alleging physical and psychological injuries and a loss of future wages resulting from his fall. He maintained that either Amtrak

or Conrail was responsible for maintaining the fence that collapsed, thereby causing his fall. He further maintained that MCI had control over the premises where Michels Pipeline was installing the cable. On November 17, 1997, MCI filed an additional party complaint joining Michels Pipeline as an additional defendant.

Presently before this court are various motions filed by defendants MCI and Amtrak. Because plaintiff Kerlin does not oppose three of defendants' motions, defendant MCI's motion for leave to amend its answer and new matter, defendant Amtrak's motion for leave to amend its answer and new matter and defendant Amtrak's motion for partial summary judgment—loss of consortium will be granted. Therefore, the only motion pending before this court is defendant Amtrak's motion for partial summary judgment—collateral estoppel.

Defendant argues that plaintiff Kerlin is collaterally estopped from asserting claims for future loss of earning capacity and psychiatric damages in this case because the issues were ruled upon in his workers' compensation action. Therefore, defendant maintains that summary judgment should be granted as to those claims. Plaintiff Kerlin counters by asserting that the essential elements for a defense of collateral estoppel have not been met. Accordingly, plaintiff contends that summary judgment as to the claim for psychiatric injuries and the claim for future loss of earning capacity is inappropriate.

Summary judgment is properly granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2. An entry of summary judgment may be granted only in cases where the right is clear and free from doubt and, in ruling on such a motion, the record must be viewed in a light most favorable to the non-moving party. *Demmler v. SmithKline*

*Beecham Corp.,* 448 Pa. Super. 425, 671 A.2d 1151 (1996).

The essential elements for a valid plea of collateral estoppel are as follows:

"(1) Identity of the issues decided in the prior adjudication.

"(2) Final judgment on the merits in the prior adjudication.

"(3) The party against whom the plea is asserted was a party in the prior adjudication.

"(4) The party against whom the plea is asserted had a full and fair opportunity to litigate the issue in question in the prior action.

"(5) The determination in the prior proceeding was essential to the judgment." *Roberts v. Estate of Pursley,* 700 A.2d 475, 480 (Pa. Super. 1997).

To begin, this court finds that plaintiff is not collaterally estopped from bringing civil claims for psychological injuries which he sustained during this incident. *Rue v. K-Mart Corporation,* 456 Pa. Super. 641, 691 A.2d 498 (1997), citing *Johnsonbaugh v. Department of Public Welfare,* 665 A.2d 20 (Pa. Commw. 1995), held that "[i]t is of tantamount importance that collateral estoppel between administrative agencies is only appropriate when the polices [sic] and goals are the same in both proceedings . . . ." *Rue,* 456 Pa. Super. at 649, 691 A.2d at 502.

In *Rue,* an employee successfully sued a former employer for defamation after an unemployment compensation hearing found in the employee's favor. The employer appealed the trial court's recognition of the unemployment compensation referee's decision, claiming collateral estoppel. The Superior Court ruled that because the underlying policy behind the unemployment

compensation laws differed greatly from those in a civil action for defamation, the lower court's grant of issue preclusion was reversed. The court found that the "policies and procedures operate to render an unemployment compensation hearing less than a 'full and fair opportunity to litigate' the facts relevant to the subsequent action." *Rue,* 456 Pa. Super. at 662, 691 A.2d at 508.

Similarly, this court finds as with the unemployment compensation board of review in *Rue,* the decision by the workers' compensation bureau judge in the case sub judice did not provide plaintiff Kerlin a full and fair opportunity to litigate the issue of plaintiff's psychological injuries. Upon examination of the workers' compensation decision, the judge indicated that although he accepted the medical testimony that suggested no causal connection between plaintiff Kerlin's work injury and his psychiatric conditions, because his employer failed to argue the issue, the judge presumed a causal connection for the purposes of his decision. (Decision of Judge Robert Vonada, paragraph 36.) Although the issue was presumed in plaintiff's favor, for purposes of a collateral estoppel argument, this court finds that plaintiff Kerlin did not have the opportunity to properly litigate the cause of his psychiatric injuries as they relate to his accident. Therefore, summary judgment will be denied.

Defendant also argues that summary judgment should be granted on the issue of plaintiff Kerlin's loss of earning capacity claim. Defendant maintains that because Judge Vonada calculated plaintiff's weekly earning loss to be $145.10, plaintiff Kerlin should be estopped from bringing his present claim of loss of earning capacity beyond that of $145.10 per week.

In *Serhan v. Besteder,* 347 Pa. Super. 11, 500 A.2d 130 (1985), the court held that impairment of earning

capacity is shown where the injured person's economic horizons have been shortened as a result of the tortfeasor's negligence. *Serhan,* 347 Pa. Super. at 19, 500 A.2d at 134. (citations omitted) The court went on to find:

"The consideration of loss of earning capacity is not solely the comparative amount of money earned before or after an injury. The true test is whether or not there is a loss of earning power, and of ability to earn money." *Id.* at 20, 500 A.2d at 134. (citations omitted)

This court finds that Judge Vonada determined plaintiff Kerlin's loss of wages to be $145.10, a figure representing the difference between plaintiff's earnings prior to his injury and earnings in a new position offered by his employer after his injury. This figure does not take into account the potential earning power plaintiff Kerlin claims he is entitled to as a result of the injuries he sustained in his work-related fall. The present issue is not identical to the issue decided at the prior proceeding. Consequently, plaintiff is not estopped from bringing a claim for future loss of earning capacity in this civil litigation.

Accordingly, the following is entered:

## ORDER

And now, March 12, 1999, the following is hereby ordered:

"(1) Defendant MCI's motion for leave to amend its answer and new matter is granted. Defendant is directed to file said amendments 20 days from the date of this order.

"(2) Defendant Amtrak's motion for leave to amend its answer and new matter is granted. Defendant is

directed to file said amendments 20 days from the date of this order.

"(3) Defendant Amtrak's motion for partial summary judgment—loss of consortium is granted.

"(4) Defendant Amtrak's motion for partial summary judgment—collateral estoppel is denied."