# Ferguson Bros., Appellants, *v.* Anglo-American Telegraph Co., Limited.

*Telegraph Companies—Failure to deliver conditional order—Plaintiff's statement of claim.*

Plaintiff's statement of claim, in an action of assumpsit to recover damages for delay in the transmission of a telegraphic message, averred that plaintiffs telegraphed their correspondent to purchase certain goods at a specified price provided it could be shipped by a vessel named; that, relying on the transmission of the message in due course, plaintiffs sold the goods to arrive on said vessel; that the message was not delivered in due course but was delayed several days, after the vessel had sailed; wherefore plaintiffs were unable to deliver the goods; by means whereof defendant became indebted to plaintiffs, etc.

*Held,* that the statement was defective in not averring that at the time the order should have been delivered in due course the goods could have been purchased at the price named, and, if purchased, that they could have been shipped as directed.

Argued April 5, 1892.   Appeal, No. 271, Jan. T., 1892, by plaintiff, from decree of C. P. No. 2, Phila. Co., refusing judgment for want of a sufficient affidavit of defence.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Rule for judgment for want of a sufficient affidavit of defence, in assumpsit for damages for delay in delivering order by telegraph.

The facts appear by the opinion of the Supreme Court.   The messages of March 17, contained final offer of price and acceptance.

*Errors assigned* were (1) discharge of rule; (2) not making rule absolute; and (3) in not entering judgment for plaintiff.

*M. Hampton Todd,* for appellant.   *Silas W. Pettit,* with him *George H. Fearons* and *John R. Read,* for appellee.

OPINION BY MR. JUSTICE McCOLLUM, October 3, 1892.

This is an appeal from the refusal of the court below to enter judgment for want of a sufficient affidavit of defence.   It appears from the statement of claim that in March, 1890, the appellee agreed with the appellants to deliver to their business correspondents, Bressler. Wachter & Co., Liverpool, England, all

messages which should be delivered in the city of Philadelphia to the Western Union Telegraph Company, addressed "Octorara, Liverpool," and that all messages received by the appellee addressed "Octorara, Philadelphia," should be delivered to the appellants through the said Western Union Telegraph Company; that in accordance with this agreement messages from Bressler, Wachter & Co. addressed "Octorara, Philadelphia," were transmitted to the appellants on the 14th and 17th of March, and messages addressed "Octorara, Liverpool," were delivered by the appellants in the city of Philadelphia to the Western Union Telegraph Company on the 15th and 17th of March. The messages were in cipher and all of them, except one of March 15th, were duly transmitted by the appellee and promptly delivered to the parties entitled to receive them. The contention in this case arises from the failure of the appellee to transmit and deliver in due course the message of March 15th from the appellants to their business correspondents in Liverpool, respecting the purchase of one hundred tons of soda ash, which message is translated by the appellants as follows: "Purchase for our account 50 tons Jarrow 55-56 per cent Soda Ash, 50 tons Jarrow 48 per cent Soda Ash, provided shipment can be made per steamship Kingsdale." This message was delivered to the Western Union Telegraph Company in Philadelphia, on the 15th of March, and to Bressler, Wachter & Co. on the 21st of March. The appellants, relying on their agreement with the appellee for the transmission and delivery of messages in due course, sold to a party in Philadelphia one hundred and fifty tons of soda ash to arrive on the steamship Kingsdale which left Liverpool for Philadelphia before their message was received by Bressler, Wachter & Co. They claim that as a direct consequence of the unreasonable delay in the delivery of their message they lost $892.72, being the difference between the cost of one hundred tons of soda ash in Philadelphia purchased and shipped pursuant to their order, and the sum for which they had sold the same. To this claim the appellee replies in an affidavit of defence, that its liability for delay is limited to the sum paid for transmission over its line; that this limitation of liability appears in the agreement under which the message was received and in the fact that it was a cipher message which could only be translated by the appellants or their

correspondents in Liverpool.   It is also contended by the appellee that the statement of claim is defective because it fails to allege the existence of certain facts essential to support the appellant's demand.   If this criticism of the statement is well grounded the refusal to enter judgment thereon must be sustained, because the filing of an affidavit of defence is not a waiver of such defects.

The order given to Bressler, Wachter & Co., was not general and absolute, but specific and conditional.   It was to purchase one hundred tons of soda ash in an excited market, at a price named and then only on condition that it could be shipped by the steamship Kingsdale.   It is not alleged in the statement that at the time the order should have reached Bressler, Wachter & Co. in due course the soda ash could have been purchased by them for the price to which they were limited, or if purchased that it could have been shipped as directed.   Indeed there is nothing in the pleadings to show that the message sent by the appellants on the 17th of March reached its destination before the departure of the Kingsdale from Liverpool. It is not a necessary inference from the averments of fact contained in the statement that compliance with the terms and conditions of the order would have followed its prompt delivery, or was practicable.   We think that to entitle the appellants to judgment on their statement of claim it ought to affirmatively appear therein that when their message should have been delivered to their correspondents the soda ash ordered could have been purchased in the Liverpool market at the price named, and shipped to them by the steamship Kingsdale.   The omission from the statement of these material matters fully justifies the action of the court below in refusing judgment.   Whether, upon proof of them on the trial the appellants will be entitled to recover the amount claimed, is a question which we need not now consider.   As the case must go to a jury we deem it best to refrain from any expression of opinion as to the measure of damages, until all the evidence affecting it is before us.

The specifications of error are overruled and the judgment is affirmed.