## Nesbit v. Eichelberger

*Russell F. Griest,* for plaintiffs.

*Gerald T. Sajer, Gary M. Gilbert* and *Lewis Markowitz,* for defendants.

BLAKEY, J., August 27, 1974.—

## ADJUDICATION ISSUES

This case arises from a boundary dispute occasioned by admittedly inaccurate deeds from a common grantor. Plaintiffs claim that their property, which in larger part is on the north side of the Bull Road in Warrington Township, also includes a wedge of land on the south side of said road. The Eichelbergers claim that they acquired all of the land of the common grantor on the south side of said road. The Hoffmans are grantees of part of the land acquired by the Eichelbergers. Metropolitan Edison Company received rights-of-way from the Hoffmans and Eichelbergers over a portion of the premises in dispute.

## FINDINGS OF FACT

The land at issue is situated in Warrington Township, in the County of York, Pa., on the south side of the Bull Road between other property of plaintiffs and the Eichelbergers. By deed dated March 1, 1918, and recorded February 14, 1921, in York County Deed Book 210, page 422, (defendants' exhibit 9). Jacob H. Gross and wife conveyed the common source of all of the land of the parties to Lewis H. Gladfelter and wife. Defendants' exhibit 4 is a tracing of said deed.

By deed dated April 2, 1926, and recorded April 5, 1926, in York County Deed Book 23L, page 585, Lewis H. Gladfelter and wife conveyed the bulk of said property to Harvey M. Gross and wife, this deed being defendants' exhibit 1, illustrated by tracing identified as defendants' exhibit 5. The same property

was conveyed to a Clarence and then to an Ethel Blake, and subsequently to plaintiffs by two deeds, the first dated March 9, 1959, recorded April 21, 1959, in York County Deed Book 47U, page 335 (plaintiff's exhibit 2), and the balance by deed dated December 13, 1972, recorded December 18, 1972, in York County Deed Book 66B, page 109: Plaintiffs' exhibit 3.

Lewis Gladfelter and wife conveyed the balance of the property which they had acquired from Jacob Gross to the defendants, Vance E. Eichelberger and wife, by deed dated and recorded September 27, 1965, in York County Deed Book 58N, page 150: Plaintiffs' exhibit 4. Defendants' exhibit 6 is a tracing of said deed. By deed dated January 28, 1973, and recorded in York County Deed Book 66E, page 528, Vance E. Eichelberger and wife conveyed a small portion of said property to Raymond S. Hoffman and wife: plaintiffs' exhibit 5. Metropolitan Edison received a right-of-way to place a service line over property in dispute by a right-of-way from Vance E. Eichelberger and wife dated March 29, 1973, and recorded in York County Deed Book 66M, page 513 and by right-of-way from Raymond S. Hoffman and wife, dated March 29, 1973, and recorded in York County Deed Book 66M, page 515.

After this dispute arose, Vance E. Eichelberger and wife granted a right-of-way to Raymond S. Hoffman and wife to provide undisputed access to their lot by instrument dated June 20, 1973, and recorded in York County Deed Book 66S, page 10: Plaintiffs' exhibit 6. The Hoffmans agreed to reconvey said right-of-way if this litigation is concluded in their favor, by instrument bearing the same date identified as defendants' exhibit 8,

The dispute between the parties in demonstrated most effectively by comparison of a survey of plaintiffs'

property prepared by Gordan L. Brown, dated March 8, 1973 (plaintiffs' exhibit 1, a tracing of said survey being identified as defendants' exhibit 10), with a survey of defendants' property prepared by John C. Billhart, dated September 21 1973: defendants' exhibit 3, a tracing of same being identified as defendants' exhibit 7.

It is clear from examination of the foregoing exhibits that both of the conveyances from Lewis Gladfelter and wife, the common grantor, contained errors. The earlier deed on which plaintiffs rely, contains an error of closure of 99.57 feet. The later deed upon which defendants rely, contains an error of closure of 92.15 feet.

The division line between the two properties is described in the deeds in identical terms. Neither deed refers to the Bull Road, although plaintiffs contend that their division line follows said road in part, while defendants contend that the road represents the division in full.

By reference to an adjoining deed dated and recorded in 1915, identified as defendants' exhibit 11, it is clear that the Bull Road existed in or very close to its present location, prior to the initial division of the base tract by the said Lewis Gladfelter, which occurred in 1926.

The northern and western lines of the plaintiffs' tract are not disputed by the parties to this litigation. The parties further agree on the point of departure, from said western line, for the division line at issue.

If the division line is projected from said point of departure holding the initial angle stated in the deed, the division line extends south of the Bull Road, with the result that the eastern line is longer than the distance stated in the deed. If the division line is oriented to the north so that the distance on the

ground is approximately equal to the deed recitals, the division line would closely follow the Bull Road.

The use of the land by the predecessors in title to the parties in this litigation is consistent with the division line following the Bull Road. For at least 13 years following the original division of the property, a fence was maintained by plaintiffs' predecessors in title along the northern side of said road. There is no evidence that such predecessors used the disputed land south of said road, although there was some testimony that at least one of them claimed ownership.

It was the intention of the parties to the original grants dividing the base tract to divide the same by a line following the Bull road.

The division line in dispute is correctly stated on the Brillhart survey: defendants' exhibit 3.

## DISCUSSION AND CONCLUSIONS OF LAW

It is clear that both deeds from Lewis Gladfelter and wife which establish the opposing chains of title contain errors; that the northern and western lines of plaintiffs' tract are not in dispute; that the parties agree upon the location of the western corner of the division line; and that the courses and distances of said division line are not at issue. Consequently, the dispute between the parties, reduced to its simplest terms, is whether to resolve the errors by holding the deed angle of the division line, which results in additional length along the eastern boundary of the tract, or by holding to the distances along the eastern edge adjusting the initial angle of the division line to close. We conclude that the latter is the correct approach. Orientation of the division line along the Bull Road, moves the four courses of said line to a position which rather closely parallels the bends of said road. We are persuaded that this is what the

prior owners intended. The parallel is too striking and the goal too sensible to ignore. On the other hand, there is no rhyme or reason to a division line as indicated in the Brown survey as the same very shortly leaves the Bull Road and projects several courses through virtually impassable terrain. Additional facts which support this conclusion are that the common grantor would not be likely to deed away his access to the Bull Road, that our analysis of the exhibits establishes the relative greater accuracy of angles over distances, and that the conduct of the owners is more consistent with division along the road than with the line asserted with plaintiffs.

We recognize that there are some factors that support plaintiffs' position to the contrary. One of these is that the line established by the Brown survey passes through an old surveyor's stake on the south side of the Bull Road and the other is that the deeds to plaintiffs' predecessors in title call for more acreage than received, which error is compounded by establishing the division line to the north of the line claimed by plaintiffs.

However, in our view, the weight of the evidence supports the conclusion which defendants advance.

The general rules of construction which are applied to deeds are also applicable to boundary disputes. The object of all of these rules is to ascertain the actual location of the boundary as made at the time of division with the controlling consideration being the intention of the parties, whether express or shown by surrounding circumstances. The various rules for resolving inconsistent calls, all yield to this general prinicple. Baker v. Roslyn Swim Club, 206 Pa. Superior Ct. 192 (1965).

We conclude from our analysis of the foregoing exhibits and the testimony that the parties intended

the Bull Road to define this division and that the division line set forth in the Brillhart survey correctly describes the boundary between the parties to this litigation.