659 A.2d 1032

**Donald L. SCHIMP, Executor of the Estate of Jacob L. Schimp and Donald L. Schimp, Appellants**

v.

**Wayne L. ALLAMAN.**

Superior Court of Pennsylvania.

Argued Feb. 28, 1995.

Filed June 5, 1995.

366

Joseph J. Liotta, III, Franklin, for appellants.

Ralph L.S. Montana, Clarion, for appellee.

Before TAMILIA, JOHNSON and HUDOCK, JJ.

TAMILIA, Judge:

Donald L. Schimp, individually and as executor of the estate of Jacob L. Schimp, takes this appeal from the Order entered August 29, 1994 making final the Order of August 26, 1994, which permanently enjoined appellant and all who claim title under him from asserting any right or interest in the parcel of land in dispute.

During different years in the early 1900's, a common grantor deeded adjoining property to the parties' predecessors in title. The location of the common boundary is set out in each party's deed in different places, the effect of which creates an overlap of common property of approximately one acre, which is the subject of the present dispute. Around 1915, one of appellant's predecessors in title constructed a fence on appellant's parcel parallel to the boundary line with appellee's property. According to appellant's deed, the location of this fence would have been more than 100 feet from the boundary and clearly on his property, and according to appellee's deed, this fence would have been located roughly on the common boundary line. This fence has not been moved appreciably since it was constructed.

Appellant, who acquired title in 1981 through the last will and testament of his father, commenced an action on April 22, 1983 to quiet title pursuant to Pa.R.C.P. § 1061(b), requesting the court to order appellee to commence an action of ejectment. The court, after issuing upon appellee a rule to show cause why he should not be compelled to commence an action

of ejectment and taking testimony on the rule, entered an Order on January 23, 1985 finding appellee had title to the disputed land and dismissing appellant's claim. On appeal to this Court, we reversed and remanded instructing the trial court to make findings of fact and conclusions of law with respect to: whether appellant is in possession of the disputed parcel, whether a dispute to title exists, and whether an Order should be issued on appellee compelling him to file an action of ejectment. *Schimp v. Allaman,* 353 Pa.Super. 232, 509 A.2d 422 (1986).

Before the trial court had the opportunity to decide the issues raised by this Court, the parties entered into a stipulation that the court would treat appellant's complaint under Pa.R.C.P. § 1061(b)(2). The parties further stipulated that neither additional testimony nor argument was required and the trial court would decide the issues from the cold record and previously submitted briefs. On August 26, 1994, the trial court entered its findings of fact, conclusions of law, discussion and Order ruling that appellee had been in possession of the disputed tract for a term in excess of the statutory period of 21 years and he held title to the parcel by virtue of the doctrine of consentable line. Following the denial of appellant's post-trial motions, he filed the present appeal.

On appeal to this Court, appellant argues he unquestionably is holder of record title to the tract, and thus has constructive possession, because he acquired title from a common grantor prior in time to the conveyance to appellee. In addition, he claims actual possession as the result of continued use by him and his predecessors in title, which eliminates the application of either consentable line or adverse possession. In any event, interpreting the evidence in a light most favorable to appellee, appellant contends the record demonstrates at the very least mutual possession, which does not satisfy appellee's burden of proving exclusive possession.

The question of where a boundary line actually is located is a question for the trier of fact. *Plott v. Cole,* 377 Pa.Super. 585, 589, 547 A.2d 1216, 1219 (1988). Where, as

here, the trial court sat as the fact-finder, we will not reverse on appeal unless the court's findings are not supported by credible evidence. *Id.* The doctrine of consentable line, which is a separate and distinct theory from adverse possession, is a rule of repose for the purpose of quieting title and discouraging confusing and vexatious litigation. *Id.* at 592, 547 A.2d at 1220. There are two ways to prove consentable line: by dispute and compromise or by recognition and acquiescence. *Id.* Since there is no evidence in the record of any prior dispute, only the latter method is applicable, which requires a finding each party has claimed the land on his side of the line as his own, and that this occupation has occurred for the statutory period of 21 years. *Id.* at 594, 547 A.2d at 1221. We shall now review the record to determine if the trial court's finding there was a consentable line is supported by credible evidence.

The trial court premised several of its legal conclusions based on the continued existence of the fence along the disputed boundary line. The court found each party, as well as their predecessors in title, claimed their respective sides of the fence as their own. The record contains the testimony of various predecessors in title to appellee, who testified they utilized the tract of land in dispute to grow crops, pasture cattle, etc., and no claim to the parcel had ever been made by appellant or his predecessors in title. Our courts have long recognized that a boundary line may be proved by a long-standing fence without proof of a dispute and its settlement by a compromise. *Niles v. Fall Creek Hunting Club, Inc.*, 376 Pa.Super. 260, 545 A.2d 926 (1988) (citations omitted). Here, the court did recognize appellant had sporadic use of the land, however the requirement for the doctrine of consentable line does not require exclusive possession but that each party has claimed the land on his side of the line as his own. *Plott, supra.* Moreover, appellant, in his brief, raises various allegations regarding the actual use of the fence, why it was constructed, and his use of the land. However, the trial court obviously found the evidence incredible and we shall not disturb such a finding as the trial court, as sole assessor of

credibility, may believe all, part or none of the evidence presented. *Miller v. C.P. Centers, Inc.*, 334 Pa.Super. 623, 483 A.2d 912 (1984). Accordingly, we find appellee has satisfied the first requirement of the doctrine of consentable line.

The second requirement of the doctrine is that appellee be in possession of the disputed land for the statutory period of 21 years. The trial court found appellee had been the sole owner of the full parcel since 1979, he owned the parcel with his mother as joint tenants with the right of survivorship since 1961, and he owned the parcel with his mother and father since 1958, which is substantially in excess of the statutory period of 21 years.

The court also determined appellee was in possession of the tract for the required statutory period. Since this doctrine does not provide a precise definition of possession, the court relied on the doctrine of adverse possession, which does not require exclusive possession, but focuses on dominion over the land. *Glenn v. Shuey*, 407 Pa.Super. 213, 595 A.2d 606 (1991). Moreover, the determination of what constitutes actual possession depends on the facts of each case, and to a large extent on the character of the land. *Id.*

Here, the court determined the character of the tract and land surrounding it primarily is pasture or grazing land. The court found appellee's predecessors in title used the land to grow crops and pasture cattle, and in fact, constructed a track road on the parcel. The court also determined appellee regularly fertilized and limed the parcel and pastured his cattle on it every year since 1951. As such, we find appellee satisfied the possession requirement of the tract for the statutory period of 21 years. Again, appellant, in his brief, raises various allegations contradicting the court's findings, however, we find there was ample credible evidence to support the ruling.

Appellant also argues appellee did not plead the doctrine of consentable line, therefore the court could not apply such a legal theory in its analysis. This argument is without merit as this Court may affirm a decision of the trial

court when it is correct on any legal ground or theory without regard to the ground upon which the trial court relied. *Wecht v. PG Publishing Co.*, 353 Pa.Super. 493, 510 A.2d 769 (1986) (citations omitted).

Order affirmed.[1]

---

1. Since we find the trial court had credible evidence to support its findings appellee acquired the disputed tract by means of the doctrine of consentable line, we find no need to address the issues pertaining to adverse possession.