**U.S. BANK NATIONAL ASSOCIATION, as Trustee**

v.

**Peter H. POWERS.**

**Appeal of Heather A. Ritch.**

Superior Court of Pennsylvania.

Argued June 9, 2009.

Filed Dec. 7, 2009.

Diane R. Thompson, Philadelphia, for appellant.

Priya Travassas, Assistant District Attorney, for Commonwealth, appellee.

BEFORE: KLEIN, PANELLA and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Heather A. Ritch,[1] appeals from the order entered in the Philadelphia County Court of Common Pleas. In this case we consider whether a party who owns property near other property and has maintained that other property for seven years is a "party in interest" under Pennsylvania Rule of Civil Procedure 3132 and has standing to petition to set aside a sheriff's sale of that other property. We hold that she does not and affirm the trial court's order.

¶ 2 The subject property (Property) is located at 3931 Dexter Street, Philadelphia, PA 19128. Appellant, who resides at 3935 Dexter Street, avers she has maintained the Property for seven years, and that a fence annexes the Property to her yard.[2] Appellant also avers that most of the neighbors on that block believe she owns the Property.

¶ 3 In April of 2004, Appellant learned that Appellee U.S. Bank National Association, as Trustee, had acquired the real estate tax lien held by the City of Philadelphia on the Property. For the next three and a half years, she regularly communicated with Appellee's counsel, requesting that she be notified if there were a sheriff's sale, so that she could attend and participate. Appellant asserts counsel "repeatedly assured" her that she would receive notice of the sale. (Appellant's Brief, at 6).

¶ 4 On April 23, 2007, Appellee instituted a civil tax action against Peter H. Powers, the owner of the Property, and filed a petition for rule to show cause why the Property should not be sold. On July 31st, the court entered judgment in favor of Appellee and ordered that the Property be sold at sheriff's sale. The property was sold at sheriff's sale on November 29, 2007. Appellant states in her brief that she learned of the sale on December 3rd when she called Appellee's counsel for an update on the Property.

¶ 5 The following day, December 4th, Appellant filed a motion to contest the validity of the sheriff's sale. She then filed a petition to intervene and a motion for leave to amend her motion on December 31st. On January 15, 2008, the court denied the motion to contest, finding Appellant lacked standing. On January 22nd, the sheriff responded to Appellant's petition to intervene and motion for leave to amend. Appellant then requested the court's Office of Civil Administration to assign her petition to the prior judge for consideration. The following day, the prothonotary's office marked her petition as moot.

¶ 6 On February 14, 2008, Appellant filed a motion for reconsideration of the court's January 15th order and the January 23rd "moot" notation on her petition. She filed a notice of appeal the following day. On February 21st, the court denied the motion for reconsideration. On appeal, Appellant presents two issues for this Court's review.

■ ¶ 7 First, Appellant avers the court erred in finding she lacked standing to contest the sheriff's sale. She claims that she is a "party in interest" under Pennsylvania Rule of Civil Procedure 3132, which defines who may challenge the validity of a

---

1. Appellant was not a party to the underlying civil tax action.

2. Appellant initially describes the Property as "adjacent" to her property. (Appellant's Brief, at 6). However, she concedes in her reply brief that a third property, with address 3933 Dexter Street, lies between her own and the one at issue here. (*See* Appellant's Reply Brief, at 4 n. 2, n. 3) (stating she has likewise maintained and inquired Appellee of 3933 Dexter Street property).

sheriff's sale. She maintains that a recorded ownership interest is not required, and that instead, she has the requisite "reasonably discoverable" interest in the Property to challenge a sheriff's sale. She contends that Appellee not only had knowledge since April of 2004 of her interest in the property, but had represented to her that it would give her notice of any sale. Thus, she alleges, Appellee was obligated to provide her written notice. In addition, Appellant asserts the court erred in interpreting Rule 3132 and Title 53, Section 7193.2 of the Pennsylvania Code to limit standing, since, she reasons, the purpose of section 7193.2(b) is to provide a safe harbor against complaints of improper notice when the city or lien holder has complied with the notice requirements of subsection (a).

■ ¶ 8 "A challenge to standing raises a question of law, therefore, 'our standard of review is de novo, and our scope of review is plenary as we may examine the entire contents of the record.'" *In re Admin. Order No. 1–MD–2003*, 594 Pa. 346, 936 A.2d 1, 7 n. 4 (2007) (citation omitted).

A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner, and the request to set aside a sheriff's sale may be refused due to insufficient proof to support the allegations in the petition. The burden of showing inadequate notice resulting in prejudice is on the person who seeks to set aside the sale.

*Kaib v. Smith,* 454 Pa.Super. 67, 684 A.2d 630, 631 (1996) (citations omitted). Rule 3132, Setting Aside Sale, provides,

Upon petition of **any party in interest** before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132 (emphasis added).

¶ 9 Appellant avers in her brief that she has an interest in the Property because: (1) she is the record owner of property that is "in close proximity to the subject Property;" (2) she has maintained the Property for the past seven years; (3) "she [has] ostensibly [been] in possession of the Property . . . for the past seven years;" (4) she notified Appellee of her interest in the Property in 2004 and has consistently communicated with it; (5) she asked Appellee to prepare the Property for sheriff's sale and received assurances from Appellee that it would notify her of the sale date; and (6) "she is a taxpayer in Philadelphia County." (Appellant's Brief, at 10). The central issue in this case is whether these facts establish that Appellant is a "party in interest" pursuant to rule 3132.

■ ¶ 10 In support of her argument that a person who has no recorded ownership interest may nevertheless be a "party in interest," Appellant cites several cases.[3] In *Merrill Lynch Mortgage Capital v. Steele,* 859 A.2d 788 (Pa.Super.2004), *appeal denied,* 582 Pa. 718, 872 A.2d 1199 (2005), the appellant purchased the property the day prior to a sheriff's sale; the deed was recorded several hours after the sale. *Id.* at 789. The appellant then filed,

---

**3.** Appellant also cites a Philadelphia Court of Common Pleas case. We need not review its application here because "common pleas court decisions are not binding on appellate courts." *See Makozy v. Makozy,* 874 A.2d 1160, 1172 n. 7 (Pa.Super.2005), *appeal denied,* 586 Pa. 740, 891 A.2d 733 (2005).

before the deed to the sheriff's sale buyer was recorded, a petition to set aside the sheriff's sale. On appeal, this Court held that the appellant had standing to file the petition because "it was uncontested that [she] was the record owner of the property at the time she petitioned to set aside the sheriff's sale. She had paid for the property, and the deed to her was recorded on [the date of the sheriff's sale]." *Id.* at 790. In *Kaib, supra*, this Court treated[4] a tenant, who had a yearly lease of the property with an option to buy, as a party in interest under rule 3132. *Id.* at 631.

¶ 11 We find these two cases are distinguishable. While Appellant cites portions of their legal analyses in her argument, she makes no argument that her situation is similar to those appellants, and cannot. She argues that because she has openly maintained for seven years a property in which she has no recorded interest, she has standing to challenge a sheriff's sale of the Property. Her situation bears no resemblance to that of the appellant in *Merrill Lynch Mortgage Capital*, who purchased the property from the recorded owner, or of the appellant in *Steele*, a tenant with an option to purchase the property. Appellant has shown no relationship to Peter H. Powers, the owner of the Property, nor any tenancy or other right to reside in the Property. Importantly, Appellant presents no caselaw supporting her proposition that averments such as her, individually or concurrently, establish a party's standing to challenge a sheriff's sale. Our review of relevant authority has likewise produced no such pronouncement. Without any authority to support her reasoning, we agree with the trial court that she was not a party in

interest under rule 3132. *See* Pa.R.A.P. 2119(a); *see also Johnson v. Martofel*, 797 A.2d 943, 946 n. 1 (Pa.Super.2002) (noting appellant waives claim of trial court error when he fails to cite any authority in support), *appeal denied*, 572 Pa. 706, 813 A.2d 842 (2002).

¶ 12 Because we find Appellant did not have standing to challenge the sheriff's sale, we need not reach her claims regarding notice of the sale. We likewise need not reach her second issue, that she was a proper intervenor in the underlying action under Pennsylvania Rule of Civil Procedure 2327.

¶ 13 Order affirmed.

---

4. The issue in *Kaib, supra*, was not whether the tenant was a party in interest under rule 3132, but rather, under rule 3129.1, whether the sheriff's sale purchaser of the property had knowledge of the tenant's interest in the property where his lease was not recorded. *Id.* at 632.