J-A02020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE ESTATE OF KEVIN SWAIN, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ROSEMARIE CAPRINO SWAIN | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 465 WDA 2020 |

Appeal from the Order Entered March 6, 2020
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  02-18-0871

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: JUNE 22, 2021**

Appellant Rosemarie Caprino Swain appeals from the order entered on March 6, 2020, sustaining preliminary objections filed by John Swain individually and as executor of the estate of Kevin Swain (Appellees), concluding that the Allegheny County Orphans' Court (the orphans' court) lacked subject matter jurisdiction.  Appellant asserts that the orphans' court: (1) erred in finding that it lacked mandatory jurisdiction under 20 Pa.C.S. § 711 of the Probate, Estates, and Fiduciaries Code (PEF Code);[1] (2) erred in concluding another forum was proper; (3) abused its discretion by making its ruling without permitting discovery; (4) failed to acknowledge that personal jurisdiction and venue were waived; and (5) erred in declining permissive jurisdiction.  We affirm.

_____

[1] 20 Pa.C.S. §§ 101-8815.

The record reveals that Kevin Swain (the Decedent) was a principal employee of the Walsh Group, which is headquartered in Chicago, Illinois. During his employment with the Walsh Group, the Decedent participated in the Principal Employee Participation Plan (PEP plan), and the PEP plan provided that all disputes arising out of the plan must be litigated in the courts of Cook County, Illinois. The Decedent designated his brother, John Swain, as the beneficiary of the PEP plan.

The Decedent died on January 22, 2018, and at the time of his death, he was married to Appellant. The orphans' court granted letters testamentary to the Decedent's brother, John Swain. Pursuant to the terms of the PEP plan, the first distribution payment was to be made to John Swain in July of 2019, and payments were scheduled to be paid to John Swain as beneficiary over the next five years. However, on July 12, 2019, Appellant filed a petition in the orphans' court to stay the PEP plan payments pending identification of the proper beneficiary.

On November 12, 2019, John Swain filed suit against the Walsh Group in Illinois seeking payments as the beneficiary pursuant to the PEP plan. After John Swain filed suit in Illinois, the Walsh Group filed a petition to interplead in the orphans' court, which included a request to deposit the funds owed under the PEP plan with the orphans' court until there was a determination of the proper beneficiary.

On January 21, 2020, John Swain filed preliminary objections to the interpleader in his individual capacity, and on January 27, 2020, he filed

preliminary objections to the interpleader in his capacity as executor of the Decedent's estate. In the preliminary objections, Appellees asserted, among other things, that the orphans' court lacked subject matter jurisdiction pursuant to Pa.O.C.R. 3.9(b)(1) because the PEP plan was excluded from the orphans' court's jurisdiction under 20 Pa.C.S. § 711(3)(xi).

On March 6, 2020, after hearing oral argument and reviewing the pleadings, the orphans' court sustained the preliminary objections. The order provided as follows:

> AND NOW, to wit, this 6th day of March, 2020, after argument in open court and review of the numerous pleadings, the court having reviewed the petition for interpleader filed by the Walsh Group, the preliminary objections to the interpleader filed by John D. Swain (as Executor of the Estate of Kevin Swain), preliminary objections to the interpleader filed by John D. Swain (Individually), the preliminary objections filed by [Appellant], and the various responses and briefs in support and opposed to said preliminary objections, along with noting that there are actions pending in Cook County, Illinois with regard to the PEP plan funds in question herein, it is ordered that all preliminary objections are sustained, as this matter is more properly adjudicated in Cook County, Illinois.
>
> It is further ordered that the request of [Appellant] that the funds in the PEP plan be distributed to her is denied, pending disposition of this action in Cook County, Illinois.

Order, 3/6/20.

Appellant filed a timely appeal, and both Appellant and the orphans' court complied with Pa.R.A.P. 1925. In its Rule 1925(a) opinion, the orphans' court clarified that it sustained Appellees' preliminary objections concluding

that the orphans' court lacked subject matter jurisdiction under 20 Pa.C.S. § 711. Orphans' Ct. Op., 7/17/20, at 2-3.[2]

On appeal, Appellant presents the following issues:

1. Whether the court below erred by failing to find it had mandatory jurisdiction to determine administration of personal property of a decedent's estate and/or to determine the title to personal property in the possession of a decedent's personal representative and/or registered in the name of the decedent or his nominee.

2. Whether the court below erred and/or committed an abuse of discretion in sustaining preliminary objections on the ground that another court was a "more" proper forum despite the matter being first-filed in the court below.

3. Whether the court below erred and/or committed an abuse of discretion in ruling on [Appellant's] petition without permitting discovery and/or evidence and/or a full opportunity for briefing and argument and/or by failing to permit amendment of the original petition.

4. Whether the court below erred by failing to find that John Swain had submitted, through his actions before the court below, to the jurisdiction of the court below.

5. Whether the court below erred in failing to find permissive jurisdiction was proper before the Orphans' Court was proper.

_____

[2] Because the orphans' court sustained Appellees' preliminary objections concluding that it lacked subject matter jurisdiction, the March 6, 2020 order disposed of all claims and all parties. Accordingly, we conclude that it was a final and appealable order pursuant to Pa.R.A.P. 341(b)(1). Although the order provided that Appellant's petition, wherein she requested a stay payments under the PEP plan pending identification of the proper beneficiary, was denied pending disposition of this action in Cook County, Illinois, we nonetheless conclude that the order was final for purposes of this appeal. The orphans' court concluded that it lacked jurisdiction; therefore, no further proceedings would be convened concerning these claims among the parties in Pennsylvania, and the Illinois court would determine the proper beneficiary.

Appellant's Brief at 4-5.

Our standard and scope of review of an order sustaining preliminary objections are as follows:

> Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. The test on preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. To determine whether preliminary objections have been properly sustained, this court must consider as true all of the well-pleaded material facts set forth in appellant's complaint and all reasonable inferences that may be drawn from those facts.

> This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.

> *     *     *

> Issues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary. Questions of law are subject to a *de novo* standard of review.

*In re B.L.J., Jr.*, 938 A.2d 1068, 1071 (Pa. Super. 2007) (citations omitted and formatting altered).

> When a party raises preliminary objections challenging subject matter jurisdiction, the trial court's function is to determine whether the law will bar recovery because of the lack of such jurisdiction. The action or inaction of the parties cannot bestow subject matter jurisdiction upon a court that otherwise lacks it. …

> Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject matter in a given case. ...  Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect. The trial court has jurisdiction if it is competent to hear or determine

- 5 -

controversies of the general nature of the matter involved *sub judice*. Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case.

*Aronson v. Sprint Spectrum, L.P.*, 767 A.2d 564, 568 (Pa. Super. 2001) (citation omitted).

In her first issue, Appellant asserts that the orphans' court erred in concluding that it lacked mandatory subject matter jurisdiction. Appellant's Brief at 15. Appellant claims that the PEP plan was personal property and argues that the orphan's court had subject matter jurisdiction pursuant to 20 Pa.C.S. § 711(17). *Id.* Appellant contends that *In re Blair's Estate*, 1967 WL 5725, 50 Erie C.L.J. 15 (Pa. C.P. Erie Co. 1967), and *In re Estate of Sauers*, 32 A.3d 1241, 1249 (Pa. 2011) support her argument. *Id.* at 17.

Appellees counter that the orphan's court committed no error and properly sustained preliminary objections based on an absence of subject matter jurisdiction. Swain's Brief at 14-16; Executor's Brief at 11. Appellees contend that it is absurd to conclude that Section 711 would expressly exclude jurisdiction over employee-benefit plans, such as the PEP plan, and then also contain a provision providing for mandatory jurisdiction over such plans. Swain's Brief at 16; Executor's Brief at 13-14.

We note that the orphans' court is not a court of general jurisdiction; rather the orphans' court's jurisdiction is expressly limited by statute. *In re Shahan*, 631 A.2d 1298, 1301 (Pa. Super. 1993); 20 Pa.C.S. § 711. As noted,

the orphan's court opined that the PEP plan was outside its jurisdiction. Orphans' Ct. Op. at 2-3.

Section 711 provides in relevant part as follows:

**§ 711. Mandatory exercise of jurisdiction through orphans' court division in general.**

Except as provided in section 712 (relating to nonmandatory exercise of jurisdiction through the orphans' court division) and section 713 (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:

\* \* \*

**(3) Inter vivos trusts.--**The administration and distribution of the real and personal property of inter vivos trusts, and the reformation or setting aside of any such trusts, whether created before or after the effective date of this chapter, except any inter vivos trust jurisdiction of which was acquired by the court of common pleas prior to January 1, 1969 unless the president judge of such court orders the jurisdiction of the trust to be exercised through the orphans' court division.

"Inter vivos trust" means an express trust other than a trust created by a will, taking effect during the lifetime or at or after the death of the settlor.

\* \* \*

"Inter vivos trust" does not include:

\* \* \*

(xi) a trust primarily for the benefit of business employees, their families or appointees, under a stock bonus, pension, disability or death benefit, profit-sharing or other employee-benefit plan;

\* \* \*

**(17) Title to personal property.--**The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his

nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death.

20 Pa.C.S. § 711(3)(xi), (17).

Section 711(3)(xi) specifically excludes from the orphans' court's jurisdiction: "a trust primarily for the benefit of business employees, their families or appointees, under a stock bonus, pension, disability or death benefit, profit-sharing or other employee-benefit plan." 20 Pa.C.S. § 711(3)(xi). The PEP plan expressly provides that it is a deferred compensation investment fund and employee profit sharing vehicle. PEP Plan, ¶¶ 1, 2. Therefore, we conclude that the PEP plan is an employee benefit plan contemplated under Section 711(3)(xi). Indeed, because we agree that the PEP plan is specifically excluded from the orphans' mandatory jurisdiction under Section 711, we discern no error in the orphans' court's conclusion that it lacked subject matter jurisdiction and sustaining Appellees' preliminary objections.

As noted, Appellant asserts that *Blair's Estate*, supports her claim that the orphans' court must exercise mandatory jurisdiction as the PEP plan is personal property. Appellant's Brief at 17. We conclude that *Blair's Estate* is inapplicable. First, we note that *Blair's Estate* is a decision of the Erie County Orphans' Court, and it is not binding authority on this Court. *See U.S. Bank Nat. Ass'n v. Powers*, 986 A.2d 1231, 1233 n.3 (Pa. Super. 2009). Moreover, in *Blair's Estate*, the Erie County Orphans' Court never discussed its subject matter jurisdiction. Although that case involved a pension, the

orphans' court in **Blair's Estate** stated that it had jurisdiction because there was no dispute that the pension belonged to the decedent in that matter and cited to the Orphans' Court Act of 1951, which was a predecessor of the current PEF Code, which did not become effective until 1972. **Id.**, 1967 WL 5725, at *3; **see also** Act of June 30, 1972, P.L. 508, No. 164 (codified as amended 20 Pa.C.S. §§ 101-8815). We conclude that because Section 711(3)(xi) of the PEF Code now specifically excludes employee benefit plans such as the PEP plan, the holding **Blair's Estate** is inapplicable and unpersuasive.

Appellant also cites **Estate of Sauers**, in support of her claim that the orphans' court had mandatory jurisdiction. Appellant's Brief at 18. In **Sauers**, our Supreme Court held that a decedent's estate possesses the legal capacity to file suit on behalf of a contingent beneficiary of a life insurance policy and that insurance policies are a decedent's personal property at the time of death. **Sauers**, 32 A.3d at 1249. Therefore, insurance policies are personal property of the decedent and orphans' courts are vested with the authority to ensure the proper distribution of insurance proceeds. **Id.** However, in the instant case, we are not faced with an insurance policy; rather, we are concerned with the PEP plan. Because the PEP plan is specifically excluded from the orphans' court mandatory jurisdiction, the analysis and holding in **Sauers** is inapplicable to the facts of this case.

In sum, we discern no error of law or abuse of discretion in the orphans' court's conclusion that it lacked subject matter jurisdiction.[3] Because we conclude that the orphans' court properly sustained Appellees' preliminary objections due to lack of subject matter jurisdiction, we need not address Appellant's remaining claims.[4,5]

_____

[3] To the extent that Appellant claims the orphans' court erred when it did not direct additional discovery, we disagree. Under the circumstances presented here, the orphans' court was able to determine from the documents of record that it lacked subject matter jurisdiction. Therefore, no further evidence was required. *See* Pa.O.C.R. 3.9(b)(1), cmt.

[4] Appellant cites to but does not argue the applicability of 20 Pa.C.S. § 711(12) as a basis upon which the orphans' court could have assumed jurisdiction. Appellant's Brief at 16. We conclude that Section 711(12) is inapplicable. Section 711(12) includes within the orphans' court's jurisdiction issues related to fiduciaries and states as follows:

> The appointment, control, settlement of the accounts of, removal and discharge of, and allowance to and allocation of compensation among, all fiduciaries of estates and trusts, **jurisdiction of which is exercised through the orphans' court division**, except that the register shall continue to grant letters testamentary and of administration to personal representatives as heretofore.

20 Pa.C.S. § 711(12) (emphasis added). Here, however, the language "jurisdiction of which is exercised through the orphans' court division" is dispositive. Section 711(3)(xi) excludes the PEP plan; therefore, jurisdiction relative to a fiduciary of the PEP plan is not exercised through the orphans' court, and Section 711(12) does not apply.

[5] Appellant also cites 20 Pa.C.S. § 712 (nonmandatory exercise of jurisdiction through orphans' court division), for the proposition that the orphans' court could have exercised jurisdiction. Appellant's Brief at 26-27. Section 712 permits the orphans' court to exercise jurisdiction over "[t]he disposition of any case where there are substantial questions concerning matters enumerated in section 711 and also matters not enumerated in that section."

Order affirmed.

Judge Bowes joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  06/22/2021

---

20 Pa.C.S. § 712(3).  However, the orphans' court specifically declined to exercise nonmandatory jurisdiction under Section 712, **see** Orphans' Ct. Op. at 3, and Appellant has provided no authority that the orphans' court's refusal was an abuse of discretion or an error of law where the orphans' court found that it lacked subject matter jurisdiction under Section 711.