J-A10016-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JULIO GARCIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HIMII MYATT | : | |
| | : | |
| Appellant | : | No. 1582 EDA 2025 |

Appeal from the Judgment Entered October 10, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 240900088

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                    **FILED MAY 7, 2026**

Himii Myatt ("Myatt) appeals *pro se* from the judgment for possession entered in favor of Julio Garcia ("Garcia") in this ejectment action. After careful review, we affirm.

The trial court summarized the relevant factual and procedural history underlying this matter as follows.

> This matter arises from an ejectment action concerning the property located at 1618 North Front Street, Philadelphia, PA [("the property")]. On September 2, 2024, . . . Garcia filed a complaint in ejectment against . . . Myatt, asserting that [he] was unlawfully occupying the premises without legal claim or recorded title. On September 29, 2024, [Myatt] filed an answer, asserting that he had purchased the property from a third party and held a lawful interest. . . .

_____

[*] Former Justice specially assigned to the Superior Court.

[Ultimately,] this case was placed in the May 2025 trial pool. [Prior to trial], [Myatt] filed a discovery motion seeking to compel production of documents referenced in the complaint, including those related to ownership [of the property] and the validity of the power of attorney (hereinafter "POA"). The motion was dismissed due to a missing certification. [Myatt did not make any effort to correct the deficiency in his motion to compel.] On May 29, 2025, [the trial court conducted] a non-jury trial [on the matter].

\* \* \* \*

At trial, [Garcia] testified that the property had belonged to his family since 1989. The title was originally held by [Garcia's] uncle, Isidro Rivera [("Isidro")], who resided at the property for many years before relocating to a nursing facility in or around 2018 due to deteriorating health. In July 2024, [upon learning that someone was unlawfully occupying the property, Isidro] executed a POA naming [Garcia] as his agent. [At trial, credible testimony established that Isidro executed the POA with the intent that Garcia remove the occupants from the property and ensure the property remained in the family. The POA specifically authorized Garcia to engage in real property transactions.] Subsequently, [Garcia], as power of attorney for Isidro . . ., conveyed the property and transferred the title to his mother, Dionicia Rivera, for one dollar. The property was then conveyed to [Garcia] for one dollar. On August 1, 2024, [Garcia] recorded the final deed.

[Garcia] and his sister[,] Carmen Rivera[,] testified that in 2021, they found individuals working ("gutting out") on the vacant property without permission and later identified [Myatt] as the occupant. They denied giving [Myatt] permission to enter or occupy the property. [Garcia] introduced the recorded deeds, POA, police report, and property tax receipts. [Garcia] stated that he paid back taxes owed on the property and that [Isidro] authorized his actions.

[Myatt] testified that he purchased the property from . . . Levi Thomas [("Thomas")] in 2019 through an unrecorded agreement of sale. [Myatt indicated that he had been investing in real estate since 2001. He conceded that Thomas had not finished paying for the property and that Thomas never received a deed to the property. Myatt produced three checks to Thomas totaling

$8,000 which Myatt claimed were payments towards the purchase of the property. Myatt also claimed, without any supporting documentation, that he gave Thomas $10,000 in cash towards the purchase of the property and that he had paid Thomas a total of $60,000. Myatt conceded that in 2024 the property was valued at $250,000.] He claimed to have moved into the property in 2020 and invested roughly $140,000 in repairs. [Myatt] submitted documents including an agreement of sale between . . . Thomas and [Isidro], utility bills in [Myatt's] name, and permits with . . . Isidro . . . listed as permit holder. No deed or recorded conveyance from . . . [Isidro to Thomos or] Thomas to [Myatt] was introduced and [Myatt] did not produce Thomas nor any other witnesses at trial. [Myatt undertook such work without any recorded interest in the property and without the permission or knowledge of the record owner. Myatt also failed to provide sufficient evidence specifying the nature and scope of the work performed and offered no evidence as to the fair market value of the alleged work.]

Further, [Myatt] challenged the validity of the POA, asserting that [Isidro] lacked capacity to execute the POA and that the property was improperly conveyed through self-dealing. He also argued that he was denied a fair trial because [Garcia] failed to produce the POA during discovery. However, [Myatt] did not present medical records or testimony from healthcare providers and solely relied on his observations. [Myatt's] relevant discovery motion was dismissed due to a missing certification.

On June 6, 2025, this court entered its decision finding in favor of [Garcia] and awarding [him] possession of the subject property. This court found [Garcia] to be the record titleholder and concluded that [Myatt] had not established any legal or equitable interest in the property. . . .

On June 13, 2025 [Myatt] filed a motion for reconsideration concerning this court's June 6, 2025 decision. The motion for reconsideration was denied on July 1, 2025. On June 22, 2025, [Myatt, acting *pro se*, prematurely] filed the present appeal . . .. [However, as no judgment had yet been entered from which an appeal may be taken, this Court directed the trial court to enter judgment in the matter. On October 10, 2025, the trial court entered judgment for possession of the property in favor of Garcia.]

Trial Court Opinion, 8/20/25, at 1-3, 5, 8 (citations, unnecessary capitalization and some paragraph formatting omitted).[1] Both Myatt and the trial court complied with Pa.R.A.P. 1925(b).

Myatt raises the following issues for our review:

1. Notary Journal & Authentication – Did the court abuse its discretion by refusing to compel production of the notary's journal and testimony despite mandatory journal requirements under 57 Pa.C.S.[A.] § 319 and the journal's centrality to authentication, identity, and capacity at execution?

2. Discovery & Trial Fairness – Did the court abuse its discretion by allowing [Garcia] to withhold the POA and key documents until trial, denying sanctions, and limiting [Myatt's] ability to subpoena the notary and obtain medical/capacity records, thereby causing incurable prejudice?

3. POA Validity/Capacity – Did the trial court err as a matter of law by accepting and relying upon a [POA] purportedly executed by Isidro . . ., where the record reflects admitted incapacity/dementia, signature irregularities, and execution defects, rendering the POA invalid under 20 Pa.C.S.[A] § 5601 *et seq.*, and where [Myatt] was denied a meaningful pre-trial opportunity to challenge capacity?

4. Orphans' Court/Incapacity Issues – Did the court err by failing to address or refer capacity/guardianship issues to the orphans' court division where incapacitation was admitted on the record?

5. Unjust Enrichment/Self-Dealing – Did the court err in permitting a double-deed transfer and ejectment that unjustly

_____

[1] Although Myatt filed a premature notice of appeal following the trial court's announcement of its decision in favor of Garcia, his appeal was deemed as timely filed upon the October 10, 2025 entry of the judgment for possession. **See** Pa.R.A.P. 905(a)(5) providing that "[a] notice of appeal filed after the announcement of a decision but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

enriched [Garcia] by disregarding [Myatt's] long-standing possession, improvements, and contractual/equitable rights?

6. Weight & Sufficiency – Is the judgment against the weight and sufficiency of the evidence because the record, properly considered, does not establish a valid transfer free from infirmity or notice, and because the court relied on an unproven and defective POA and deed sequence while excluding critical corroborating evidence?

Myatt's Brief at 5-7 (unnecessary capitalization omitted, issues reordered for ease of disposition).

Before we may address the merits of Myatt's issues, we must first address the adequacy of his appellate brief. It is well settled that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure or risk this Court's dismissal of the appeal. *See* Pa.R.A.P. 2101; *see also* Pa.R.A.P. 2111-2119 (discussing the required content of appellate briefs and the specific requirements for each subsection of the brief). When an appellate brief fails to conform to the requirements set forth in our appellate rules, or issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, this Court will not consider the merits thereof. *See In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010) (holding that appellate briefs must conform to the requirements set forth in the appellate rules); *see also Branch Banking & Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (holding that this Court will not consider the merits of issues not

properly raised and developed in the appellate brief or when the briefs are wholly inadequate to present specific issues for review).

Pertinently, pursuant to Rule 2119(a), the argument portion of an appellate brief must include a discussion of the particular point raised along with discussion and citation of pertinent authorities. **See** Pa.R.A.P. 2119(a). This Court will not consider the merits of an argument which fails to cite relevant case law or statutory authority. **See In re Estate of Whitley**, 50 A.3d 203, 209-10 (Pa. Super. 2012) (holding that the failure to cite relevant legal authority constitutes waiver of the claim on appeal). Moreover, mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter. **See In re S.T.S., Jr.**, 76 A.3d 24, 42 (Pa. Super. 2013).

The fact that an appellant is acting *pro se* does not relieve him of the responsibility to comply with the rules of appellate procedure. **In re Ullman**, 995 A.2d at 1211-12 (noting that "*pro se* status confers no special benefit upon the appellant"); **see also Cole v. Czegan**, 722 A.2d 686, 687 (Pa. Super. 1998) (holding that a *pro se* appellant has a duty to file a comprehensible brief and to raise and develop properly his appellate issues"). This Court will not act as counsel and will not develop arguments on behalf of an appellant. **In re R.D.**, 44 A.3d 657, 674 (Pa. Super. 2012). Indeed, this Court is neither obliged, nor even particularly equipped, to develop an

argument for a party, since to do so places this Court in the conflicting roles of advocate and neutral arbiter. *See In re S.T.S., Jr.*, 76 A.3d at 42.

Here the entirety of Myatt's argument for his six issues consists of five pages. The argument section of Myatt's brief is devoid of any meaningful analysis of the issues he raises on appeal with citation to and discussion of relevant legal authority pertinent to his issues. *See* Pa.R.A.P. 2119(a). Indeed, for five of his six issues, Myatt cites to no case law whatsoever. *See* Myatt's Brief at 12-17; *see also In re Estate of Whitley*, 50 A.3d at 209-10 (holding that the failure to cite relevant legal authority constitutes waiver of the claim on appeal). Myatt has not provided a synopsis of the evidence related to each of his issues with references to the places in the record where the evidence he relies upon may be found. *See* Pa.R.A.P. 2119(c), (d). Finally, Myatt has not indicated the places in the record where he preserved his issues in the lower court. *See* Pa.R.A.P. 2119(e). As such, the argument section of Myatt's brief consists of little more than mere issue spotting. Although we could find waiver of all of Myatt's issues due to the deficiencies in his brief, we decline to do so. Instead, we will endeavor to address his issues as best we can discern them from the scant argument he has provided.

In cases arising from non-jury trial verdicts, our role is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. *See*

*Slomowitz v. Kessler*, 268 A.3d 1081, 1093 (Pa. Super. 2021). In this regard:

> The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue . . . concerns a question of law, our scope of review is plenary.
>
> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Id*. (citation omitted).

Further, appellate review in an ejectment action is "limited to a determination of whether the [trial court] committed an error of law or an abuse of discretion." *Roberts v. Estate of Pursley*, 718 A.2d 837, 840 (Pa. Super. 1998). The decision of the trial court in an ejectment case "will not be disturbed unless it is unsupported by the evidence or demonstrably capricious." *Id*.

In his first issue, Myatt purports to challenge the trial court's refusal to compel the notary's journal and testimony. *See* Myatt's Brief at 14-15. However, before we may address this issue, we must first determine whether Myatt preserved it for our review. It is well settled that whenever a trial court orders an appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner. *See Feingold v. Hendrzak*, 15 A.3d 937, 940 (Pa. Super. 2011);

*see also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (holding that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Rule 1925(b), any issues not raised in that statement are waived); *see also* Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the concise statement are waived).

Here, in his court-ordered concise statement, Myatt did not raise any issue regarding either a notary or a notary's journal. *See* Myatt's Concise Statement, 7/21/25. Nor did he include any issue in his concise statement concerning the trial court's alleged failure to compel a notary's journal and testimony. *See id*. Thus, as Myatt failed to preserve this issue by including it in his concise statement, it is waived.

In his second issue, Myatt contends that the trial court abused its discretion by not compelling Garcia to produce the POA prior to trial. Myatt claims that he sought "the [POA] on five separate occasions: (1) [Sept]ember 29, 2024 (new matter); (2) December 4, 2024 (conference memorandum); (3) April 29, 2025 (motion to compel); (4) May 14, 2025 (motion to dismiss for failure to provide discovery); and (5) May 29, 2025 (the morning of trial)." Myatt's Brief at 13 (unnecessary capitalization omitted). According to Myatt, "[d]espite these requests—and despite a court order compelling production—[Garcia] produced the POA only at trial, foreclosing targeted subpoenas and

authentication."[2]   *Id*. at 13-14.   Myatt maintains that the trial court "nevertheless denied sanctions and proceeded."  *Id*. at 14.  Myatt submits that the trial court's ruling "caused incurable prejudice and was manifestly unreasonable, constituting an abuse of discretion."  *Id*.

The trial court considered Myatt's second issue and determined that it lacked merit.  The court explained its reasoning as follows: "[Myatt] claims that he was prejudiced by [Garcia's] failure to produce the POA during discovery.  However, [Myatt's] motion to compel production on April 29, 2025, was dismissed for lack of a certification pursuant to Pa.R.C[iv].P. 208.2(a)(4). [Myatt] did not correct the deficiency or refile [the motion] under Pa.R.C[iv].P. 4019."  Trial Court Opinion, 8/20/25, at 5

Based on our review, we discern no abuse of discretion or error of law by the trial court in dismissing Myatt's motion to compel.  The record confirms that Myatt's motion did not include a certification, as required by Rule 208.2(a)(4) (providing that "a motion shall . . . include a certificate of service which sets forth the manner of service including the name of an attorney of record for each party that is represented by counsel, the party whom the attorney represents, a '*pro se*' designation for each party that is

_____

[2] Our review of the record does not reflect any order compelling Garcia to produce the POA to Myatt.  Notably, Myatt does not direct this Court to the place in the record where any such order can be found, in violation of Pa.R.A.P. 2119(c) (providing that if the appellant makes reference to an order appearing in the record, the argument must set forth a reference to the place in the record where the order may be found).

unrepresented, and the address at which service was made"). Myatt does not address this deficiency in his appellate brief, nor does he explain why he did not attempt to cure the deficiency in his motion to compel by including the required certification. We further note that Myatt offers no support for his assertion that, by requesting a document in new matter,[3] in a conference memorandum, or orally at trial, the trial court was obligated to order Garcia to produce materials. As such, we conclude that Myatt's second issue merits no relief.

In his third issue, Myatt challenges the trial court's consideration of and reliance on the POA. POAs are governed by the provisions of Chapter 56 of the Probate, Estates, and Fiduciaries Code ("the PEF Code"), 20 Pa.C.S.A. §§ 5601, *et seq*. A power of attorney is "an instrument granting someone authority to act as agent or attorney-in-fact for the grantor." ***In re Fiedler***, 132 A.3d 1010, 1020 (Pa. Super. 2016) (quoting BLACK'S LAW DICTIONARY at 1209 (8th ed. 2004)). Further, an attorney-in-fact is someone "who is designated to transact business for another; a legal agent." ***Id***.; ***see also*** 20 Pa.C.S.A. § 5601(f) (defining the term "agent" as a "person designated by a principal in a power of attorney to act on behalf of that principal").

---

[3] Our review of Myatt's answer to the complaint reflects that the section designated as "New Matter" was left entirely blank. ***See*** Answer, 9/29/24, at unnumbered 7. Thus, Myatt did not include any request for the POA in his new matter.

Pursuant to section 5601, a POA must: be dated; bear the signature of the principal; be acknowledged before a notary public; and witnessed by two individuals who are eighteen years of age or older. *See* 20 Pa.C.S.A. § 5601(b)(1)-(3). The POA must also include a special notice, as set forth in Rule 5601(c), which must be signed by the principal. *See* 20 Pa.C.S.A. § 5601(c). Finally, the POA must also include an acknowledgement, as set forth in Rule 5601(d), which must be signed by the agent. *See* 20 Pa.C.S.A. § 5601(d).

Incapacity is also addressed in the PEF Code, which defines an "incapacitated person" as "an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that he is partially or totally unable to manage his financial resources or to meet essential requirements for his physical health and safety." 20 Pa.C.S.A. § 5501. Any person interested in the alleged incapacitated person's welfare may petition the court for a judicial determination that the person is indeed incapacitated and for the appointment of a guardian. *See* 20 Pa.C.S.A. § 5511. However, a person is presumed to be mentally competent, and the burden is on the petitioner to prove incapacity by clear and convincing evidence. *See In re Hyman*, 811 A.2d 605, 606 (Pa. Super. 2002). To establish incapacity, "the petitioner must present testimony, in person or by deposition from individuals qualified by training and experience in evaluating individuals with incapacities of the type alleged by the petitioner,

which establishes the nature and extent of the alleged incapacities and disabilities and the person's mental, emotional and physical condition, adaptive behavior and social skills." 20 Pa.C.S.A. § 5518. Medical testimony is of great significance since it assists the trial court in determining the nature, severity, and consequences of an alleged incompetent's disability. *See In re Estate of Wood*, 533 A.2d 772, 774 (Pa. Super. 1987).

Myatt vaguely argues that "incapacity was acknowledged (dementia; residence in a nursing facility)." Myatt's Brief at 12. Myatt also vaguely asserts that "[t]he POA shows signature anomalies and inconsistent witnessing." *Id*. Myatt submits that, "[i]n the face of such irregularities, reliance on the POA was legal error." *Id*.

The trial court considered Myatt's third issue and determined that it lacked merit. The court reasoned that "the POA admitted at trial complied with all statutory requirements. [Myatt] introduced no expert or medical evidence to establish lack of capacity of Isidro . . . or demonstrate fraud, duress, or undue influence. Accordingly, the POA was valid and this court's admission of the same was appropriate." Trial Court Opinion, 8/20/25, at 4. The trial court further noted that "there was no guardianship proceeding or judicial declaration of incapacity in the record." *Id*. at 6.

Based on our review, we discern no error or abuse of discretion by the trial court with respect to its consideration of and reliance upon the POA. Importantly, the primary basis on which Myatt seeks to challenge the POA is

- 13 -

the capacity of Isidro to have executed it. However, Myatt points to no evidence of record establishing that Isidro had been declared an "incapacitated person" or that he lacked the mental capacity to execute the POA. Instead, Myatt merely asserts that "incapacity was acknowledged (dementia; residence in a nursing facility)." Myatt's Brief at 12. Myatt does not indicate who purportedly acknowledged Isidro's incapacity or where in the record any reference was made to Isidro having dementia or being in a nursing home. *See* Pa.R.A.P. 2119(c). Moreover, as the trial court noted, Myatt presented no judicial declaration of incapacity or medical evidence to establish that Isidro had dementia or otherwise lacked the mental capacity to execute the POA. *See* Trial Court Opinion, 8/20/25, at 4, 6. The mere fact that Isidro may have been in a nursing home does not establish incapacity.

With respect to Myatt's assertion that the trial court should not have relied upon the POA because it "shows signature anomalies and inconsistent witnessing," *see* Myatt's Brief at 12, Myatt has not directed this Court to the place in the record where the POA can be found. *See* Pa.R.A.P. 2119(c). Further, he fails to explain what he means by his vague assertion of signature anomalies and inconsistent witnessing. Notably, Myatt has not cited to any applicable POA standards or explained how or why the POA in question deviates from the specific requirements of section 5601. *See* Pa.R.A.P. 2119(a) (requiring the appellant to provide a discussion of the issue with

citation to pertinent legal authority).[4]  Accordingly, without any meaningful discussion, explanation, or support for Myatt's third issue, we deem it meritless.

In his fourth issue, Myatt contends that the trial court should have referred the incapacity issues to the orphans' court.  In this Commonwealth, the courts of common pleas have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas, except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule vested in another court of this Commonwealth.  ***See*** 42 Pa.C.S.A. § 931(a).  In a court of common pleas having two or more divisions, each division of the court is vested with the full jurisdiction of the whole court, but the business of the court may be allocated among the divisions of the court by or pursuant to general rules.  ***See*** 42 Pa.C.S.A. § 932.  Concerning the jurisdiction of an orphans' court division, section 711 of the PEF Code states that the orphans' court shall have mandatory jurisdiction over certain enumerated matters.  ***See*** 42 Pa.C.S.A. § 711.  An action in ejectment is not among those enumerated matters.  ***See id***.

_____

[4] Moreover, our review of the POA confirms the trial court's determination that it complied with all of the various requirements set forth in section 5601(b)-(d).

- 15 -

Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession. *See Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76, 78 (Pa. Super. 2007). The purpose of an ejectment action is to determine "the immediate rights between plaintiff and defendant involved in that particular litigation." *Id*. Stated another way, "[e]jectment is a possessory action wherein a plaintiff must prove the right to exclusive possession vis-a-vis proof of paramount title." *Roberts v. Estate of Pursley*, 700 A.2d 475, 480 (Pa. Super. 1997).

Myatt argues that "matters involving incapacitated persons, guardianships, and disputes concerning agents acting under a POA fall within the orphans' court remit." Myatt's Brief at 16 (unnecessary capitalization omitted). According to Myatt, "[w]here the record reflects incapacity, a civil court should not premise title on a POA without a competent determination of capacity and agent authority." *Id*. Myatt asserts that "[i]ncapacity was acknowledged on the record. The court nevertheless relied on a POA of disputed validity without addressing capacity via the appropriate forum or process." *Id*. at 16-17.

The trial court considered Myatt's fourth issues and determined that it lacked merit. The court reasoned:

> [Myatt] argues that any transfer of property from [Isidro] required orphans' court approval due to his alleged incapacity. However, there was no guardianship proceeding or judicial declaration of incapacity in the record. Nothing in section 5601, requires an agent under a POA to obtain court approval before acting on behalf of the principal. [Garcia] acted under a properly

executed POA, and no legal requirement compelled orphans' court involvement.

Trial Court Opinion, 8/20/25, at 6-7 (unnecessary capitalization omitted).

Based on our review, we discern no abuse of discretion or error of law by the trial court in exercising jurisdiction over the subject ejectment proceedings, as such proceedings are within the broad jurisdiction of the court of common pleas. *See* 42 Pa.C.S.A. § 931(a). Given that Garcia filed a complaint in ejectment, the trial court's task in this action was to determine which party had paramount title to the property. *See Roberts*, 700 A.2d at 480. That the trial court was asked to consider the validity of the transfer documents, including the POA executed by Isidro, did not remove the action from the jurisdiction of the trial court. Accordingly, we conclude that Myatt's fourth issue merits no relief.

In his fifth issue, Myatt contends that the trial court erred by permitting unjust enrichment arising from a defective title. A claim for unjust enrichment arises from a quasi-contract which imposes a duty, not as a result of any express or implied agreement but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another. *See AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. 2001). The elements of a cause of action for unjust enrichment are: (1) a benefit conferred on the defendant by the plaintiff; (2) the appreciation of such benefit by the defendant; and (3) the acceptance and retention of such benefit under such circumstances that it would be inequitable for the

defendant to retain the benefit without payment of value. *See Gutteridge v. J3 Energy Group, Inc.*, 165 A.3d 908, 917 (Pa. Super. 2017) (*en banc*).

According to Myatt, he lived in and improved the property for years, investing labor and funds. *See* Myatt's Brief at 16. Myatt maintains that Garcia's "deed filings leveraged a defective POA to displace [Myatt's] interests, resulting in a windfall. The court's order effectively rewarded that enrichment while disregarding [Myatt's] benefits conferred, notice to [Garcia], and equities." *Id*.

The trial court considered Myatt's fifth issue and determined that it lacked merit. The court reasoned:

> [Myatt] contends that his longstanding occupancy and investment in the property since 2018 gave rise to an equitable interest that should bar ejectment. However, possession alone does not create legal or equitable title absent a colorable claim or adverse possession. . . . Here, [Myatt] did not claim adverse possession, nor did he provide a deed, contract for sale, or recorded agreement demonstrating a right to title or possession. Further, [Myatt] failed to show that any expenditures were made with the record owner's consent or under circumstances giving rise to a claim of unjust enrichment. This court properly found that [Myatt] lacked any legal or equitable claim to possession.
>
> * * * *
>
> While [Myatt] testified to performing roughly $140,000 dollars of renovations to the property, he undertook such work without any recorded interest in the property and without the permission or knowledge of the record owner. [Myatt] failed to provide sufficient evidence specifying the nature and scope of the work performed and offered no evidence as to the fair market value of the alleged work. As such, it is not inequitable for [Garcia] to retain any benefit from the work done by [Myatt].

Trial Court Opinion, 8/20/25, at 7, 8 (unnecessary capitalization omitted).

- 18 -

Based on our review, we discern no abuse of discretion or error of law by the trial court in determining that Myatt failed to establish any claim for unjust enrichment. Initially, we note that Myatt has failed to direct this Court to the place in the record where he raised any claim for unjust enrichment. **See** Pa.R.A.P. 2119(c), (e). As noted above, a cause of action for unjust enrichment concerns a benefit conferred on the defendant by the plaintiff. **See Gutteridge**, 165 A.3d at 917. Myatt is the defendant in this action, not the plaintiff. Myatt did not file any counterclaim in this action raising a claim for unjust enrichment, or otherwise include any such claim in his responsive pleading to the complaint.

Moreover, while Myatt identified the elements for a claim of unjust enrichment, he has not provided this Court with any meaningful discussion as to how the evidence presented in this case satisfies each of the elements for unjust enrichment, nor has he cited to the place in the record where any such evidence may be found. **See** Pa.R.A.P. 2119(a), (c). Thus, Myatt's fifth issue merits no relief.

In his sixth and final issue, Myatt contends that the verdict was against the weight of the evidence. Once again, we must determine whether Myatt preserved this issue for our review. As our Supreme Court has explained, "a claim challenging the weight of the evidence . . . is a claim which, by definition, ripens only after the verdict, and it is properly preserved so long as it is raised in timely post-verdict motions." **Criswell v. King**, 834 A.2d 505, 512 (Pa.

2003); *see also* Pa.R.Civ.P. 227.1(b)(2) (providing that post-trial relief may not be granted unless the grounds therefor are specified in the post-trial motion, and that grounds not specified in the post-trial motion are waived); Pa.R.A.P. 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal).

After careful review of the record, we conclude that Myatt has waived any claim that the verdict was against the weight of the evidence by failing to raise this issue in his post-verdict motion for reconsideration. *See* Motion for Reconsideration, 6/13/25, at unnumbered 1-4. Thus, as Myatt failed to preserve this issue for our review, it is waived.

Having found that Myatt is not entitled to relief for any of his claims, we affirm the judgment for possession entered in this matter.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/7/2026